Nov. Term,
1830.

VANBLARICUM
v.
YEO.

VANBLARICUM and Another *v.* YEO, Administrator.

In an action by an administrator *de bonis non*, the declaration should state the name of the first administrator, and contain an averment of non-payment to him.

An ink seal commonly called a scroll has the same effect, by statute, as if it were made with wafer or wax.

Tuesday,
November 2.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of debt. The declaration commences as follows:—*Joshua Yeo*, administrator *de bonis non* of all and singular the goods and chattels which were of *Jesse M'Kay*, deceased, complains of *David S. Vanblaricum* and *John Vanblaricum*, &c. In the first count, the cause of action is stated to be a certain instrument of writing, subscribed by the defendants, in the following words: "On or before the 1st of *Feb*. 1826, we or either of us promise to pay *Jesse M'Kay* or order 220 dollars, for value received this 29th of *Jan*. 1825.— *D. S. Vanblaricum*, (SEAL). *John Vanblaricum*, (SEAL)." It is not averred that the defendants sealed this instrument, nor is it called a writing obligatory. The second count is upon a certain other writing, for the payment of the same amount of money; the substance of which writing is described. The declaration assigns as a breach of these contracts, that the money had not been paid either to *M'Kay*, to the plaintiff, or to any other person; and concludes with a profert of the letters of administration *de bonis non*, granted to the plaintiff. The defendants demurred specially to this declaration, and assigned the following causes of demurrer: 1st, the declaration does not state the name of the first administrator, nor does it aver a non-payment of the money to him; 2dly, the instrument described in the first count is not declared on as a writing obligatory or deed, though it is shown to be sealed; 3dly, the writing described in the second count *is* not alleged to be a writing obligatory, nor to be an instrument in writing not under seal. The plaintiff below joined in demurrer. The Circuit Court considered the declaration good, and the plaintiff obtained a judgment.

The first objection, which goes to the whole declaration, is,

Nov. Term,
1830.

VANBLARICUM
v.
YEO.

that the name of the original administrator is not given, nor is it stated that the money had not been paid to him. This objection is fatal. The defendants had a right to plead payment to the original administrator, without averring specially that he was such administrator. To enable them to do this, the declaration must state who that administrator was. The plaintiff below, who is the defendant in error, relies upon the case of *Catherwood* v. *Chabaud*, 1 Barn. & Cress. 150. In that action, however, which was by an administrator *de bonis non*, the declaration showed who was the original administrator. The defendant there pleaded the general issue; and the question on the trial was, whether the plaintiff, in proving his title, was bound to produce not only the letters of administration to himself, but also those to the first administrator. The Court held, that the first letters need not be produced—not, however, because proof of that administration was unnecessary—but because the letters *de bonis non* were sufficient evidence of both administrations. That case, therefore, is not an authority for the omitting to aver, in the declaration, the existence of the original administration. It is rather an authority against such an omission. We have examined several precedents of declarations, by administrators *de bonis non*, in Wentworth and Chitty. They all commence as follows:—"*A. B.*, administrator of all and singular the goods and chattels, rights and credits, which were of *C. D.* deceased, who died intestate, which were not administered by *E. F.* also deceased, who was administrator of all and singular the goods and chattels, rights and credits of the said *C. D.*, complains, &c." From this view of the present case we are satisfied, that this declaration is defective for not giving the name of the first administrator, and for not averring a non-payment to him.

This opinion makes it unnecessary to examine, particularly, the subsequent objections. It may be remarked, however, in passing, that we consider the instrument of writing described in the first count to be a writing obligatory. The ink seals used have the same effect as if they were of wafer or wax. The putting on the seal, whether with ink or with wax, is an agreement that the writing is to be considered a deed. Stat. 1824, p. 296 (1). The first objection goes to the whole declaration, and the demurrer to it should have been sustained.

*Per Curiam.*—The judgment is reversed, &c. Cause remand-

Nov. Term,
1830.

ed, with directions to permit the plaintiff below to withdraw his joinder in demurrer, and amend his declaration.

*Brown,* for the plaintiffs.

*Fletcher* and *Merrill,* for the defendant.

(1) Accord. R. C. 1831, p. 407.—*Bradfield* v. *M'Cormick, Nov.* term, 1832. In the eastern states, sealing with wafer or wax or some other tenacious substance, as at common law, is requisite. In the southern and western states generally, a scroll is a seal. Evidence is required, in *Virginia,* of the intention of the parties to substitute the scroll for a seal. In *New-York,* a seal can only be made as at common law. 4 Kent's Comm. 2d Ed. 452. The following is the language of the Court in *Maryland:* "From the earliest period of our judicial history, a scrawl has been considered as a seal, and it would be too late at this day, and would be attended with consequences too serious, to permit it to be questioned. It is not necessary, as has been argued, that the scrawl must be adopted by the obligor, by a declaration in the body of the bond, or single bill, to make it his seal. It is sufficient if the scrawl be affixed to the bond, or bill, at the time of its execution and delivery. For, if he execute and deliver it with the scrawl attached, it being considered here as equivalent to the wax or wafer, it is as much his seal as if he had declared it to be so in the body of the instrument. The fact of the clause of attestation not appearing in the usual form of *"signed, sealed, and delivered,"* can, in reason, make no difference; for the question always is, is this the seal of the obligor? and if he has delivered it with the scrawl attached, it is his seal, and must be so considered; for whether an instrument be a specialty, must always be determined by the *fact,* whether the party affixed a seal; not upon the *assertion* of the obligor, in the body of the instrument, or by the form of the attestation." *Trasher* v. *Everhart,* 3 Gill & Johns. 246.