JOHN DOE, ex dem. JOHN ANKENY, plaintiff in error, v. JOHN
McMAHON et al., defendants in error.

*Error to Jackson.*

Where a paper is described in the body of it as sealed, and the letters " L. S." are
either printed or written opposite the signature of the person signing it, it is a
sealed instrument, within the meaning of the statute authorizing the use of a
scrawl instead of a seal.

There is no substantial difference as to the validity or dignity of a sealed instru-
ment, whether the party executing it writes his name opposite a scrawl previ-
ously printed or written, or actually affixes a scrawl after signing his name. If he
places his signature opposite a scrawl already made, he thereby adopts it, and
makes it his own.

THIS cause was heard in the Court below, at the October term,
1838, before the Hon. Walter B. Scates. The cause was brought
to this Court by writ of error, and submitted upon briefs.

DAVID J. BAKER and H. EDDY, for the plaintiff in error.

W. J. GATEWOOD, for the defendants in error.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *ejectment*, brought in the Jackson Circuit
Court, to recover a quarter section of land. Plea not guilty. A
trial was had, and judgment rendered for the defendants. To
reverse the judgment, a writ of error is brought to this Court.
The bill of exceptions taken in the cause states, that after the
plaintiff had proved title in his lessor to the premises in question,
the defendants offered to read in evidence, a paper purporting to
be a replevy bond, bearing date the 11th November, 1824, exe-
cuted by Ankeny, the lessor of the plaintiff, as principal, and
John Logan, as surety, reciting the rendition of a judgment in the
Jackson Circuit Court, on the 20th August, 1824, for $336.50, in
favor of John Black, against said Ankeny, as the administrator
of Snyder; the issuing of an execution thereon; and conditioned
for the payment of the judgment within three years, agreeably
to the provisions of "*An act concerning judgments and execu-
tions,*" approved February 17th, 1823, (1) and also a writ of *fieri
facias* issued on the 5th February, 1829, on the said bond, against
Ankeny and Logan. To the reading of the bond and *fieri facias,*
the plaintiff objected, but the Court overruled the objection, and
the papers were read to the jury. It was conceded on the trial,
that if the bond was sufficient to authorize the issuing of the *fieri
facias,* it had been regularly issued, after forfeiture of the condition
of the bond, and title in the defendants was shown by regular
sales.

(1) R. L. 377; Gale's Stat. 394.

Several errors are assigned, but the only one relied on is the following:

That the Circuit Court erred in permitting the paper purporting to be a replevy bond, and the *fieri facias* issued thereon, to be read as evidence to the jury. It is contended by the plaintiff, that the instrument read in evidence is not a bond, the seals or scrawls of the parties not being affixed to it.

The paper in question is described in the body of it, as sealed with the seals of the parties, and the letters "L. S." are in print opposite the names of Ankeny and Logan respectively. The first section of "*An act concerning practice*" (1) provides "that any instrument of writing, to which the maker shall affix a scrawl by way of seal, shall be of the same effect and obligation, to all intents, as if the same were sealed." This statute gives equal solemnity to instruments to which the signers affix their scrawls, as to those to which they affix their seals by impression on wax or other tenacious substance. But it is urged that to give them the dignity of sealed instruments, the scrawls should be actually affixed by the signers. We do not perceive any good reason for this distinction. The printing of the scrawl, or the characters representing a seal, is as legible and durable as if made with a pen by the party, the only other usual mode of affixing a scrawl by way of seal; and it equally indicates the intention of the signer as to the character of the instrument. We can see no substantial difference as to the validity or dignity of the instrument, whether the party executing it writes his name opposite a scrawl previously printed or written, or actually affixes a scrawl after signing his name.

If he places his signature opposite a scrawl already made, he thereby adopts it, and makes it his own. These views are strengthened by reference to the decisions in 1 McLean 462; 2 Blackf. 322; and 3 Blackf. 162.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*