## NELSON v. ZINK.

To an action of debt before a justice of the peace in *Monroe* township, *Washington* county, the defendant pleaded that he was not resident in that township, nor was the debt contracted there. *Held*, that the plea was insufficient. The defence filed before the justice cannot, on appeal, be amended in substance.

ERROR to the *Washington* Circuit Court. This suit was commenced before a justice of the peace of *Monroe* township, *Washington* county, by *Zink* against *Nelson*.

M'KINNEY, J.—This is an action of debt brought on a promissory note, before a justice of the peace. On the calling of the cause before the justice, the defendant pleaded, "that he did

not live in *Monroe* township, *Washington* county, and that there was no debt or claim due by him to *Peter Zink*, contracted in *Monroe* township." Judgment was rendered by the justice against the defendant for 76 dollars, with interest and costs.

The case was taken to the Circuit Court by appeal, and, in that Court, the defendant filed a plea in abatement to the jurisdiction of the Court. In the plea, he says "that the justice, before whom the suit was tried, ought not to have entertained jurisdiction, because the supposed cause of action did not accrue, and the promissory note, upon which the supposed cause of action is founded, was not executed or delivered, in the township of *Monroe*, and county of *Washington*, nor was this defendant an inhabitant or resident of said township of *Monroe* aforesaid, at the time of the institution of said suit, nor was he found within the same." The plea was sworn to, and, on demurrer, adjudged insufficient. The defendant then moved the Court for leave to amend the plea, which was overruled, and judgment rendered against him.

A bill of exceptions taken to the opinion of the Court, presents for our consideration several questions—1. Had the justice jurisdiction of the case? 2. Could the defendant in the Circuit Court substantially amend or alter the defence relied upon before the justice? 3. Did the Circuit Court err, in refusing leave to amend the plea in abatement?

These questions must be settled by the statute, which defines the jurisdiction and duties of justices of the peace. By the 18th section, "the powers of justices of the peace shall be co-extensive with the townships, in which they may respectively be elected and reside, in civil cases." By the 22d and 23d sections, "no person shall be bound to answer to any summons, &c. issued by a justice, in any civil case, in any other township than the one in which such defendant actually resides, or where the debt was contracted, or where the cause of action accrued, or where the defendant may be found, unless there is no justice who can legally issue such summons," &c.; and jurisdiction is given to the nearest and most convenient justice, if there be none in the proper township, or he be legally interested, or related in certain degrees of consanguinity. The summons in this case was directed to a constable of the proper township, and by him returned, served. The sum claimed, and the defendant, being thus within his jurisdiction, the justice could certainly proceed,

unless the defendant could show, by proper defence, that he was not by the statute within his jurisdiction.

The defence, relied upon before the justice, was not sufficient. The defendant may not have lived in *Monroe* township, nor the debt been there contracted, yet have been within the jurisdiction of the justice. He has not brought himself within the provisions of the act (1). The statute is drawn with an anxious regard to the prevention of oppression, and confines the jurisdiction of a justice in civil cases to his proper township, and secures to a debtor, a forum at his own door, except in those cases in which a denial of jurisdiction would amount to a denial of the means of enforcing the performance of contracts, or of obtaining redress for wrongs sustained. If a defendant be within the provisions of the act, he should rely upon them as a defence. Such a defence, sustained by proof, would deprive the justice of jurisdiction. If the defence be waived, or too limited, the justice may well entertain jurisdiction.

The justice is required by the 26th section, upon an appeal taken, to send up the written statements of the cause of action and defence of the parties, which shall not be set aside by the Court, for the want of form, but shall be acted upon by the Court, without any substantial amendment or alteration whatever. Consequently, the trial in the Circuit Court must be based on the statements of the cause of action, or defence relied upon before the justice. They are not susceptible of any substantial amendment or alteration (2).

The plea filed in the Circuit Court gives to the defendant a new and distinct defence. It was a departure from that relied upon before the justice, and inadmissible. The Circuit Court was correct in sustaining the demurrer to it. It was also correct in refusing leave to amend.

It is contended by the plaintiff in error, that the proceedings before a justice, should show on their face, that he had jurisdiction. The jurisdiction of a justice is limited, but to require that he should show that his proceedings were within the statute, by negativing the grounds by which it might be taken away, is certainly requiring more than a sound construction of the statute warrants, or is reconcilable to settled principles of law.

We are therefore of opinion that the justice had jurisdiction, that the defendant's defence was insufficient, and that the judgment of the Circuit Court is correct.

Nov. Term, 1832.

*Per Curiam.*—The judgment is affirmed with costs.

*J. H. Farnham*, for the plaintiff.

*C. Dewey*, for the defendant.

(1) In some of the counties, no person is bound to answer any summons or *capias ad respondendum*, issued by a justice of the peace in any civil suit, in any other township than the one *in which the defendant actually resides;* except under some particular circumstances mentioned in the act. Stat. 1835, p. 52.

(2) The Circuit Court may permit the plaintiff, in cases of appeal, to amend his cause of action, without changing the form of action, upon payment of costs, &c.—with leave to the defendant to amend his defence, &c. And the defendant may, in like manner, be entitled to amend his defence under the same terms, &c. Stat. 1833, p. 112. So, leave may be given to the plaintiff, in such cases, to file additional causes of action,—and to the defendant to file one or more statements of defence where none has been filed; or additional statements where any have been filed,—under the restrictions above-mentioned. Stat. 1836, p. 62.

In suits before a justice, a mistake in the *form of action* shall not be a cause of non-suit, if the cause of action is so stated as to give the defendant full information of what he is called on to answer; nor shall a mistake in the *form of a defence* preclude the defendant from giving any evidence under it according to the justice of the case, provided the defence is so stated as to fully inform the plaintiff what he is to answer. Stat. 1835, p. 52.