<span>Perkins v. Smith.</span>

---

## PERKINS v. SMITH.

If evidence be admitted in the Circuit Court without objection, its admission cannot afterwards be assigned for error.

The statement of demand filed before a justice, need not show that the justice has jurisdiction of the suit; but if such statement show the justice's want of jurisdiction, the suit will be dismissed.

The want of jurisdiction of the justice may be pleaded, or given in evidence under the general issue.

If in replevin before a justice, the defendant appear, plead in bar, and go to trial, without objecting to the affidavit, he cannot afterwards object to it as an affidavit. But the affidavit, in such case, may answer for the statement

May Term,
1837.

Perkins
v.
Smith.

of demand; and in that character it may be objected to or be amended as other statements of demand.

On an appeal in replevin, the plaintiff may, on payment of costs, have leave to amend his statement of demand filed before the justice, by inserting the value of the property.

The justice's jurisdiction in replevin extends to goods the value of which does not exceed 50 dollars.

Wednesday,
May 31.

APPEAL from the *Rush* Circuit Court.

Dewey, J.—This was an action of replevin commenced before a justice of the peace. On applying for the writ, the appellant, who was the plaintiff below, made his affidavit stating that he was the lawful owner of a certain horse, (describing him but omitting to state his value,) and that *Smith* unlawfully detained him. *Perkins*, at the same time, filed before the justice a separate cause of action, which, among other defects, also omitted the value of the horse. The parties appeared before the justice, and the defendant pleaded,—property in himself,—and that the horse was worth more than 20 dollars, wherefore the justice could not take cognisance of the cause. A jury trial was had. Verdict and judgment for the plaintiff. Defendant appealed to the Circuit Court. The parties appeared there, and the plaintiff, having proved that the justice did not file the papers with the clerk of that Court, until after the expiration of 20 days from the date of the appeal-bond, procured a rule upon the defendant to show cause why the appeal should not be dismissed. The defendant proved by the certificate of the justice, that the appeal-bond was not filed with him until a day subsequent to its date, thereby showing that the papers had been filed in season. No objection was made to the admission of the certificate as evidence. The Court refused to dismiss the appeal.

The defendant then moved the Court to dismiss the action, on the ground that it did not "appear from the affidavit or other papers in the cause, what was the value of the horse for which the action was brought;" but before that motion was decided, the "plaintiff asked permission to amend his affidavit and cause of action upon the payment of all costs which had accrued up to that time." The Court refused leave to amend, dismissed the action, and rendered judgment against the plaintiff for costs. He appeals to this Court.

The causes assigned for the reversal of the judgment of the

Circuit Court are,—1. The refusal to dismiss the appeal; 2. Not granting leave to amend the cause of action; and 3. Dismissing the suit.

Whether the certificate of the justice, as to the time of filing the appeal-bond before him, was, under the circumstances, admissible evidence had it been objected to, is a question not before us, nor do we decide it. As no objection, however, was made to the competency of the testimony, the Court committed no error in refusing to dismiss the appeal. The evidence of the plaintiff that it had not been filed in due time, was completely rebutted by the certificate (1).

In considering the other positions of the appellant, it becomes necessary to inquire how far averments showing jurisdiction, are requisite in the statement of the cause of action filed before justices of the peace? To apply to proceedings before those officers all the technical common law principles, governing pleadings in Courts of inferior and special jurisdiction, would be greatly to countervail the spirit of our legislation on the subject of the duties and jurisdiction of justices of the peace. Before 1827, no statement in writing of any cause of action whatever before them was necessary previously to going into trial. The claims of the litigating parties were entirely matters of evidence, without the semblance of pleading. The statute now in force requires that the plaintiff shall file before the justice, previously to issuing process, or at least before going into trial, the account, note, &c., or a concise statement of the cause of action on which he intends to rely. The defendant is also required to make a written statement of his defence, if he relies upon affirmative matter. Rev. Code, 1831, p. 301 (2).

It very rarely happens that these causes of action show jurisdiction in the justice, which often depends upon the place where the debt was contracted—the residence of the defendant—and sometimes upon the place at which the process may be served. None of these circumstances appear upon the face of a bond, note, &c. It is true that when the place of contracting the debt, or the residence of the defendant, gives jurisdiction, an averment of the fact may be made in the cause of action; but it evidently is not required: a written instrument between the parties is all the statute exacts. When jurisdiction depends upon the place of serving process, it is impossible to

make the allegation in the cause of action, before the justice acts upon it. It seems plain that the legislature, in prescribing the mode of conducting suits before justices, designed that the parties should apprise each other of the ground respectively assumed by them, but that they should be at liberty to do so in a manner entirely stript of technical forms. And as it is certain, that, in many cases, there may be a good cause of action filed before them without showing jurisdiction on its face, we can see no good reason for embarrassing the practice in their Courts, by distinctions which destroy its uniformity.

In the case of *Thomas* v. *Winters*, at the last term of this Court, we decided that a defendant before a justice, having failed to plead to the jurisdiction, might, on appeal to the Circuit Court, take advantage of the want of jurisdiction, under the general issue. To this principle we adhere; but we conceive the law to be under the statutes of the state, that a defendant in a justice's Court cannot, either by motion or demurrer, defeat an action, the cause of which does not appear to be *without* his jurisdiction; or in other words because it is not shown to be absolutely *within* it. 3 Blackf. 101. He may plead to the jurisdiction, or disclose the want of it under the general issue.

Before a writ of replevin can legally issue from the Circuit Courts, or justices of the peace, an affidavit is necessary. In the former its sole, and in the latter its first, object is to procure the writ. After appearance and defence to the action, in neither tribunal can an objection be supported to the process on account of the insufficiency of the affidavit. It is then immaterial whether the process was regular or irregular, or, indeed, whether there had been any process at all. In the case before us, the defendant appeared before the justice, pleaded to the action, and went into trial, without making any objection to the affidavit. It was too late for him to do it afterwards, either before the justice, or, after the appeal, in the Circuit Court. As an *affidavit* it had performed its office in the procurement of the writ.

But the affidavit in replevin before a justice of the peace, may also answer for the written statement of the cause of action, because it contains a narration of the injury complained of. In this character it was open to objection, as any other cause of action would have been. The principles which we

have laid down, however, show that the objection which was made to it in the Circuit Court—that it does not show jurisdiction in the justice because the value of the horse is omitted, cannot be sustained. That omission does not prove that he had·no jurisdiction; it left that matter open to inquiry in the investigation of damages for the detention of the horse. It ought no more to subject the plaintiff to a dismissal of his action, than would an account, note of hand, or other cause of action, which might omit to state that the debt was contracted in the township where the suit was brought, or that the defendant resided, or the process was served there. Omissions like these, which prove nothing with regard to the jurisdiction of the justice, are very different from a statement in a cause of action which shows that he had no jurisdiction. In such a case, doubtless, his proceedings would be *coram non judice* and void. Such a suit should be dismissed the moment the objection presents itself to the justice, or to the Circuit Court.

Had the affidavit, as a cause of action, needed amendment, the plaintiff was entitled to amend upon the payment of costs. We do not mean to say that the affidavit, as such, could be amended; but in its other character, an averment showing the value of the horse might have been added to it. And, besides, there was another cause of action which the plaintiff was entitled to amend, not changing the form of action.

We have said nothing with regard to the plea alleging that the horse was worth more than 20 dollars, and that, therefore, the justice had no jurisdiction; because, if it could have been pleaded together with a plea in bar, it tendered an immaterial issue. The justice's jurisdiction in replevin extends to property worth not more than 50 dollars (3). And, besides, it could be no reason for dismissing the action on motion.

The Circuit Court erred in refusing the leave to amend, and in dismissing the suit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. B. Smith*, for the appellant.

*O. H. Smith*, for the appellee.

(1) The failure of the justice to file the papers in time, is no cause now for dismissing the appeal. Stat. 1839, p. 37.

(2) Acc. Rev. Stat. 1838, p. 368.      (3) Acc. Rev. Stat. 1838, p. 372.