Dewey, J.
J.— This was a proceeding in attachment by Gresham against two boats, to enforce payment for materials furnished in building them. A regular affidavit having been made showing the indebtedness of A. Jones, D. Jones, and J. Jones to Gresham, for the materials with which the boats were built, a writ of attachment was issued upon which the boats were seized. The officer, who served the writ, incorporated into his return a bond executed by the Joneses in due form of law, in consequence of which the boats were released from the attachment. Gresham filed his declaration against the boats, showing that the materials for building *them had been furnished by him at the request of the Joneses, as the builders and owners of the boats; and that he had demanded of them payment of the debt, &c. The Joneses appeared, and pleaded in the name of the boats, denying the declaration. The Court rendered a judgment against the Joneses for the amount of Gresham’s claim, and for costs.
It is contended that the judgment should have been against the boats, and not against the debtors.
The statute on which this proceeding is founded, does not expressly provide for any judgment, either in rem, or against the person indebted for materials, &c., in cases in which a bond has been given y but it clearly contemplates a judgment. It enacts, that if the master, owner, &e., of the boat or vessel seized, shall, before “final judgment,” give a bond in the manner therein prescribed, “conditioned to satisfy and pay all the demands pending against such boat or vessel, which shall be adjudged to be due and. owing on the determination thereof, of pay the said demands together with the costs of the proceedings, the boat or vessel shall be thereupon discharged from arrest and detention.” R. S., 1838, p. 121. It would be idle to render a judgment in rem, when the property seized had already been discharged from the custody of the law, and restored to its owner. In such cases, the proper judgment is against the debtor personally. The bond stands as collateral security. If no bond has been given,, the judgment should be for the sale of the property attached.
J. Pettit, for the plaintiffs.
A. L. Robinson, for the defendant.
Per Curiam.—The judgment is affirmed, with six per cent. damages and costs.