<span style="float:right">May Term,<br>1848.<br><hr>BRAYTON<br>v.<br>FREESE.</span>

---

BRAYTON and Others *v.* FREESE.

All objections to the writ are waived by an appearance to the action.

When a judgment of a justice of the peace is reversed on *certiorari* by the

May Term,
1848.

BRAYTON
v.
FREESE.

Circuit Court, the cause is retained, and stands for trial on its merits. The reversal extends no further back than to rectify the error complained of.

If, in an attachment against a boat for debt, the boat be released by the giving of a bond, as prescribed by statute, the judgment should be rendered *in personam* against the master, owner, or consignee, as the case may be, who causes himself to be substituted as defendant.

The bond given in such case stands as collateral security, and is similar, in most respects, to an appeal bond.

*Thursday,
June 15.*

APPEAL from the *Tippecanoe* Circuit Court.

SMITH, J.—This was a proceeding under the provisions of article 2, chapter 42, of the R. S., and an act amendatory thereto, approved *January* 13th, 1845—Acts of 1845, p. 13—against the canal boat *Plannet.* A writ of attachment was issued on the 29th of *March*, 1845, by a justice of the peace, upon an affidavit filed by *Benjamin C. Brayton.* The boat was attached, and the writ served upon *George D. Brayton*, the master of the boat, by whom the debt was contracted, and also upon *Milton Freese*, the master then in possession of the boat. The transcript of the justice, as modified by an agreement of the parties, shows, that, on the return of the writ, on the 4th of *April*, 1845, *George Brayton* and *William Potter* also filed a claim against the boat, and that the said *Freese* appeared before the justice, and, upon filing a bond to procure the release of the boat, as provided by the 20th section of the chapter of the R. S. above referred to, with *Thomas Wood* as his surety, applied to be admitted as defendant. The condition of the bond was, that the obligees should satisfy and pay all the demands pending against the boat, which should be adjudged to be due and owing on the determination of the suit, with the costs, &c. The boat was accordingly released from the attachment, and, by consent of the parties, the cause was continued until the 12th of *April*, 1845.

On the day last mentioned, the parties appeared, and the defendant then moved to dismiss the cause for want of a sufficient affidavit. This motion was overruled, and, after hearing the evidence, a judgment was rendered by the justice against *Freese* and *Wood* in favor of the

claimants for the amounts of their respective debts, with costs, &c.

At the *November* term of the *Tippecanoe* Circuit Court, in 1845, this judgment was reversed on *certiorari*. The cause was then continued, from term to term, until the 18th of *June*, 1846, when, on motion of the defendant, the cause was dismissed, because the affidavit filed by *Benjamin C. Brayton*, to procure the writ to be issued, was held to be defective. From this judgment of dismissal the plaintiffs appealed to this Court.

The judgment of the justice against *Freese* and *Wood* was clearly wrong. The bond filed by them was a security which the statute authorized the master, owner, or consignee to substitute in place of the boat. It was, in most respects, similar to an appeal bond, and upon non-payment of the proper judgment in the attachment suit, its condition would have been broken; but it did not make *Wood*, who was merely the surety of *Freese*, a party to the proceedings then in progress, or authorize the justice to render a judgment against the obligees in that suit.

But when a judgment of a justice of the peace is reversed, on *certiorari*, by the Circuit Court, the cause is retained and stands for trial on its merits. R. S. p. 895. The reversal extends back as far as is necessary to rectify the errors committed, and, in this case, it left the parties where they stood after the appearance of *Freese*, the release of the boat, and the continuance by consent of parties. So far, with the exception of the alleged defects of the affidavit, there can be no objection to the regularity of the proceedings. At this stage of the case, the motion to dismiss on account of a deficiency in the affidavit should have been overruled. It is not necessary to inquire whether this objection, if taken at any earlier period, would have been available, as all objections to the writ are waived by an appearance to the action.— *Perkins* v. *Smith*, 4 Blackf. 299.

In *Jones* v. *Gresham*, 6 Blackf. 291, it was decided that, when a bond is filed for the release of a boat, as in this case, judgment may be rendered *in personam*, and not

against the boat. In this case the writ was served on the master who made the contract, and also on the master who was in possession of the boat when the suit was brought. It was not necessary, however, that the process should have been served on the former, and as the statute authorizes either the master, owner, or consignee to procure a release of the boat by filing such bond, whoever of them does so must be regarded as the proper defendant against whom the judgment should be rendered.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*R. C. Gregory*, for the appellants.

*G. S. Orth* and *E. H. Brackett*, for the appellee.