May Term, 1851.

LANE
v.
LEET.

---

## LANE v. LEET.

If, in an attachment against a boat, the boat be released by giving a bond as prescribed by statute, the judgment for the plaintiff should be against the debtor personally.

Attachment against a boat. The master gave bond, appeared, and defended, and the justice erroneously rendered judgment against the boat, instead of against the master. Appeal to the Circuit Court. The attorney for the boat moved to dismiss the cause, which motion was overruled. He then offered to go to trial on behalf of the boat, but the Court tried the cause as between the plaintiff and the master and gave judgment against the latter. *Held*, that the cause should not have been dismissed, and the Court correctly rendered judgment against the master.

If neither party, on appeal to the Circuit Court, require a jury, the cause may be tried without a jury, though the amount in controversy exceed 20 dollars.

ERROR to the *Tippecanoe* Circuit Court.

PERKINS, J.—On the 30th day of *September*, 1848, *William H. Leet* filed, as a cause of action, with a justice of the peace of *Tippecanoe* county, an account for 23 dollars and 43 cents, verified by oath, against the canal-boat, *Trenton*. Thereupon, an attachment issued against said boat, and *Michael Lane*, her master, was summoned to appear and defend. On the second day of *October* said *Lane* appeared before the justice and filed his bond for the release of the boat, which had been attached, and an order was thereupon entered by the justice for her discharge. Afterwards, on the same day, the plaintiff appeared by his attorney, and said *Lane*, in proper person, a trial was had, and the plaintiff recovered judgment. The judgment was, however, erroneously rendered by the

*Thursday, May 29.*

May Term,
1851.

justice against the boat, *Trenton*, instead of against *Lane*. *Jones* v. *Gresham*, 6 Blackf. 291. *Lane* appealed to the Circuit Court. In that Court, Mr. *Mace*, as attorney for the boat, *Trenton*, appeared and moved to dismiss the cause, but the motion was overruled. He then offered to go to trial on behalf of the boat, but the Court tried the cause as between the plaintiff, *Leet*, and *Lane*, the master of the boat, as defendant, and gave judgment against said *Lane;* Mr. *Mace*, as *amicus curiæ* excepting thereto, on *Lane's* behalf. Appeal by *Lane* to this Court.

The appeal, by *Lane*, from the judgment of the justice, vacated that judgment, and the cause stood, in the Circuit Court, on *Lane's* appearance thereto before the justice, as a cause between *Leet*, plaintiff, and *Lane*, defendant, for trial, *de novo*, in said Circuit Court. We discover no reason for which the Court should have dismissed the cause; we think *Lane* was the proper party against whom to render judgment; and, as no jury was demanded, the Court could try the cause without one. *Minton* v. *Moore*, 4 Blackf. 315.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*D. Mace*, for the plaintiff.

*R. C. Gregory*, for the defendant.

