<div style="float:left">May Term,<br>1856.<br><br>THE LAW-<br>RENCEBURGH<br>FERRY-BOAT<br>v.<br>SMITH.</div>

<div style="float:left">Saturday,<br>May 31.</div>

----

## THE LAWRENCEBURGH FERRY-BOAT *v.* SMITH.

Attachment by *A.* against a ferry-boat, for coal furnished to the boat for fuel. *B.*, the owner, gave bond, pursuant to the statute, and released the boat. Judgment for *A.* against the boat. The facts were as follows: *A.* furnished coal for the boat, at the request of *C.*, which was used on the boat. *B.* was the owner, but had leased the boat to *C.*, to be run at the expense of *C.*, who was to pay to *B.* a certain part of the receipts. Before the coal was furnished, *B.* had notified *A.* of the arrangement between himself and *C.*, and told *A.* not to furnish coal to the boat at his, *B.'s*, expense (as he had before been doing), whereupon he charged the coal to the boat.

*Held*, that *A.'s* claim for the price of the coal was a lien upon the boat as against *B.*

*Held*, also, that the judgment (the attachment having been discharged by the execution of the bond) should have been a personal one against *B*.

But, *held*, that the error, in this particular, was merely formal, and might be considered as amended in the Supreme Court; and the judgment was accordingly affirmed.

May Term,
1856.

THE LAW-
RENCEBURGH
FERRY-BOAT
*v.*
SMITH.

APPEAL from the *Dearborn* Court of Common Pleas.

*Saturday,*
*May* 31.

PERKINS, J.—Attachment against the *Lawrenceburgh Ferry-Boat*, on a claim for coal furnished said boat as fuel.

The boat was owned by *Piatt*, was run by *Thompson*, lessee and master, and to the latter the coal was furnished by *Smith*, the plaintiff in attachment.

*Piatt*, the owner, gave bond as prescribed by statute, and released the boat. 2 R. S., p. 184, s. 661. He was made defendant, and answered. Replication. Trial by the Court, and judgment for the plaintiff, rendered against the boat.

The evidence was that *Smith* furnished the coal for the boat, on which it was used; that *Piatt* owned, but had leased the boat to *Thompson* for a year, to be run by him at his own expense, the latter receiving one third and the former two thirds of the gross receipts; that *Piatt* had notified plaintiff, *Smith*, of the arrangement, and directed him not to furnish coal for her on his, *Piatt's*, account, as he had before been doing, whereupon said *Smith* charged the coal furnished to the boat.

The claim for coal was a lien upon the boat against the owner. 2 R. S., p. 184, s. 657, and p. 183, s. 655. The judgment should have been rendered against *Piatt*, and not against the boat, as he had appeared, given bond and discharged her. *Jones* v. *Gresham*, 6 Blackf. 291.—*Brayton* v. *Freese*, 1 Ind. R. 121.—*Carson* v. *The Steamboat Talma*, 3 Ind. R. 194.

The error is merely formal, may be considered as amended here, and the judgment affirmed. *Alden* v. *Barbour*, 3 Ind. R. 414.—2 R. S., p. 50, s. 101.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*P. L. Spooner*, for the appellant.

*D. S. Major*, for the appellee.