KUNTZ and Another *v.* BRIGHT.

*B.* brought an action of attachment against the steamboat *Crystal Palace*, and her master, *K.*, came in and filed an undertaking, with *F.* as surety, for the payment of any judgment *B.* might recover. *F.* was in no other way a party to the suit. The Court rendered judgment against *K.* and *F.*, who appealed. *Held*, that the judgment against *F.* was erroneous; and that, inasmuch as he was not a party to the suit, and had no notice of the proceedings therein, he could avail himself of the error without having excepted in the Court below.

APPEAL from the *Floyd* Circuit Court.

WORDEN, J.—This was an action commenced by *Bright* against the steamboat *Crystal Palace*, under the provisions of the statute to enforce "liens on boats and other water-crafts" (2 R. S. p. 183), to recover damages for an injury done to the steamboat *Hoosier State*, of which *Bright* was the owner, by being carelessly and negligently run into by the *Crystal Palace*. *William J. Kuntz*, as master of the *Crystal Palace*, came in and filed an undertaking for the payment of the judgment that might be rendered, with *Hugh C. Funk* as his surety, and the boat was released from the attachment. For answer, a general denial was put in, and the cause was tried by the Court. There was a finding for the plaintiff below, on which judgment was rendered, overruling a motion for a new trial. A bill of exceptions sets out the evidence, from which we see no cause to disturb the finding. There is some conflict in the evidence, and in some respects it is, perhaps,

irreconcilable; but on the whole, we are of opinion that the finding is sufficiently sustained by the evidence.

The Court, upon its finding, rendered judgment in favor of the plaintiff, against both *Kuntz* and *Funk*, to be levied first of the property of *Kuntz*, and in default of property sufficient, &c., to be levied of the property of *Funk*.

The judgment against *Kuntz*, instead of the steamboat, is proper, he having come in as master, in pursuance of the statute, and procured the release of the boat.   *Jones* v. *Gresham*, 6 Blackf. 291.—*Brayton* v. *Freese*, 1 Ind. R. 121. —*Lane* v. *Leet*, 2 Ind. R. 535.   But the judgment against *Funk*, we think, was wrong.   No process was served on him, and he did not make himself a party to the proceedings.   No process was necessary to be served on *Kuntz*, as he made himself a party by coming in as master and procuring the release of the boat.   *Brayton* v. *Freese, supra.* But *Funk* can well say he has had no "day in Court." His undertaking was merely as the surety of *Kuntz*, and did not make him a party to the proceedings.   This point, also, seems to be settled by the case last cited.

It is suggested that no injury is done *Funk* by the rendition of judgment against him, as the proceedings against *Kuntz* are conclusive as to the amount of his liability, and that the course pursued is proper, as avoiding circuity of action.   The argument assumes that *Funk* is, by some means, concluded, as to the fact of having executed the undertaking, and being liable thereon.

There is nothing in the record showing that, were he sued upon the undertaking, he would be precluded from controverting its execution by him, or his liability thereon. But it is said, that as no exception was taken to the rendition of judgment against *Funk*, it is now too late to raise the point.   This might be correct if *Funk* had been made a party, and therefore required to notice the proceedings in the cause; but not having been a party, and judgment having been rendered against him, he can now avail himself of the error.   If his undertaking should be forfeited, the necessary steps can be taken to hold him responsible.

The undertaking of *Funk*, as the surety of *Kuntz*, not

making him a necessary, nor, indeed, a proper party to this action, the judgment may be reversed as to him, without affecting its validity as to *Kuntz.* This error is separately assigned by *Funk,* and must prevail.

*Per Curiam.*—The judgment, as against *Funk,* is reversed with costs; and as against *Kuntz* it is affirmed.

*R. Crawford,* for the appellants.

*T. L. Smith* and *W. T. Otto,* for the appellees.