Scott and Another *v.* McDonald.

———————◆———————

SCOTT and Another *v.* McDONALD.

LIEN ON WATER CRAFT.—PRACTICE.—Where, in a proceeding under section 658 of the code, to enforce by attachment a lien upon a boat, the defendant executes a bond, under section 661, to discharge the vessel, other persons having claims cannot afterwards ·become parties to the proceedings.

APPEAL from the *Floyd* Circuit Court.

ELLIOTT, J.—*Charles Roose* sued out an attachment against the steamboat *Antelope,* under article 37 of the code, to enforce a lien on said boat for work done and materials furnished in fitting her out. After the boat was seized under said attachment, *James McDonald,* the appellee, gave a written undertaking, under section 661, payable to said *Roose,* to

the effect that he would perform the judgment of the court in-said cause; whereupon the attachment was discharged and restitution made of the boat, and, by order of the court, *McDonald* was substituted as defendant instead of the boat. After these proceedings were had, and the attachment discharged, *Scott* and *Brindley*, the appellants, filed a complaint and affidavit, setting up a claim against the boat, and claiming to be made parties plaintiff in said cause with said *Roose*, and to enforce their claim against *McDonald*, under his undertaking. The court, on the motion of *McDonald*, ordered such claim to be taken from the files of the case of *Roose* v. *McDonald*, and *Scott* and *Brindley* thereupon refusing to prosecute the same in any other manner than as a claim under the suit of *Roose* v. *McDonald*, as they had no cause of action against *McDonald* otherwise, the court dismissed it for want of prosecution.

The only question presented in the case is, Does the statute authorize a party, in such case, having a claim and lien on a boat attached at the suit of another, to file such claim and join in such suit as a plaintiff, after the filing of the undertaking in the original suit, the discharge of the attachment and restitution of the boat?

We are of opinion that this question must be determined in the negative. It is true that section 659, p. 303, authorized all, or any, of the persons having demands which are liens on the boat, to join in the complaint against such boat, either at the commencement of the action, or at any time afterwards, before judgment, upon filing the requisite-complaint and affidavit. But section 661 provides, that "if the defendant or master, owner or consignee, shall, before final judgment, give a written undertaking, payable to the plaintiff, with surety, to be approved by the clerk or sheriff, to the effect that the defendant will perform the judgment of the court, the attachment shall be discharged, and restitution made of the boat or vessel." It has been repeatedly held that when such undertaking is filed, the action thereafter proceeds against the

person so appearing and making himself a party to the proceedings and procuring the release of the boat, and final judgment is rendered against him, *in personam,* instead of the boat. *Jones* v. *Gresham,* 6 Blackf. 291; *Brayton* v. *Freese,* 1 Ind. 121; *Lane* v. *Leet,* 2 Ind. 535; *Kuntz* v. *Bright,* 12 Ind. 313.

As long as the proceedings continue in *rem,* against the boat, persons having claims against it may file the same and become parties, but when the undertaking is filed and the attachment discharged, the action ceases to be one against the boat, and becomes a personal one against the party who, by his undertaking under the statute, procures the discharge of the attachment, and makes himself a party defendant, in the stead of the boat. His undertaking is given to the plaintiffs in the action, *i. e.,* to those who have filed their claims and made themselves parties before the undertaking is filed and the boat released, and binds the party so appearing to perform the judgment of the court upon such claims. But we do not think that a fair or just construction of the statute can hold the party executing the undertaking responsible for all claims that may be filed against the boat, at any time thereafter, before final judgment. Such a construction of the statute would render it very hazardous for any one, and especially the surety, to execute such an undertaking, as he might thereby be made liable for claims to an indefinite amount, of which he had no knowledge at the time of executing the undertaking.

The judgment is affirmed, with costs.

*J. H. Stotsenburg* and *T. M. Brown,* for appellants.

*J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellee.