Nov. Term,
1833.

HAYS
v.
LANIER.

---

HAYS and Others *v.* LANIER and Others.

An unincorporated company must sue in their individual names, and not in the name of the firm.

*Semble*, that a promissory note payable to a firm may be filed under the statute, instead of a formal declaration, if the writ contain the names of the partners.

*Monday,*
*December 9.*

ERROR to the *Morgan* Circuit Court.

STEVENS, J.—By the 4th section of the act of 1833, amending the act regulating the practice at law, it is declared that in actions at law for the recovery of specific sums of money upon bills or promissory notes, it is not necessary to file a formal declaration, but that the filing of such notes in the clerk's office, shall be a sufficient foundation for the suit, and process shall issue thereon, &c.; and to which the defendant may appear, &c.

Under this statute, a company of merchants trading under the style and firm of *Stapp, Lanier & Co.*, brought the action now under consideration, without a declaration, against *James W. Hays* and *Thomas Heck*, merchants, trading under the style and firm of *Hays & Heck,* and *John Wheatly*, upon a promissory note in these words and figures:—"$374.73. Three months after date, we or either of us promise to pay *Stapp, Lanier & Co.* three hundred and seventy-four dollars, 73 cents, with interest from date, for value received.—*Hays & Heck, John Wheatly.*"

The process which issued against *Hays & Heck* and *John Wheatly* is spread upon the record by a bill of exceptions, and is in the name of *Stapp, Lanier & Co.* without setting out the individual names of the several parties, or in any way showing who the persons are that compose the firm of *Stapp, Lanier & Co.* The defendants appeared to the process and moved to quash the writ, but the motion was overruled. They then filed a general demurrer, which was also overruled, and a final

judgment rendered that *Stapp, Lanier & Co.* recover, &c., without stating who they were.

The only question before this Court is, whether the defendants in error can, in their collective capacity, under the style and name of *Stapp, Lanier & Co.*, prosecute and maintain this action?

There is no principle more certainly and satisfactorily settled, than that in all actions the writ and declaration must both set forth, accurately, the christian and surname of each plaintiff and each defendant, unless the party is a corporation, known to the law by an artificial name, and is authorised to sue and be sued in such corporate name. This rule of law and practice is sustained by reason, justice, and the highest authorities. In the case now before us, the defendants in error are not a corporation known to the law by the artificial name of *Stapp, Lanier & Co.;* they are natural persons, and must sue in their individual names (1). It is also equally well settled, that in all cases of contracts, if it appears upon the face of the writ or declaration, that there are other obligees who are not named, it is fatal on demurrer. In this case, the note and writ both show that there are other obligees who are not named; this is fatal on demurrer. 1 Chitt. Pl. 7.—2 Johns. Cas. 384.—*Bentley et al.* v. *Smith et al.* 3 Caines' R. 170.—*Anderson* v. *Martindale*, 1 East, 497.

It is, however, said that the statute authorises such proceedings as these. That appears to us to be an entire mistake. The statute dispenses with a formal declaration, but it does not dispense with the parties to the suit. Suppose the payees to be idiots, lunatics, or infants, does the statute remove their disabilities, and authorise them to sue in their own names without committees, guardians, &c.? The case is a very plain one; the statute has nothing whatever to do with the subject of the parties to the suit. Suppose the writ in this case, instead of issuing in the form it did, had issued in the name of *Milton Stapp, James F. D. Lanier*, &c., partners, trading under the style and firm of *Stapp, Lanier & Co.*, would there have been any difficulty? It is apprehended that there could not have been any; the record, proceedings, and judgment could have followed the writ, and all might perhaps have been correct (2).

BLACKFORD, J., being indisposed, was absent.

*Per Curiam.*—The judgment is reversed with costs.

*P. Sweetser* and *B. Bull*, for the plaintiffs.

*C. Fletcher*, for the defendants.

(1) The Chief Justice in *New-Jersey*, in deciding that partners must sue by their proper christian and surnames, says—"Men associating themselves together for trade and commerce, and other lawful purposes, it is true, may assume a name, under which they may carry on their business and be known as merchants, &c. and this for the public convenience, because it would be very troublesome, to say the least, to insert the names of a whole company in every entry in books, in bills, and other mercantile negociations. But by this assumed name they cannot appear in a Court of justice. They can neither sue nor be sued by it. This is a privilege appertaining to corporate bodies only. A contrary doctrine would carry with it a power to any number of individuals, to associate themselves together under an assumed name, and to exercise under that name many if not all the privileges of bodies corporate created by law. This is contrary to the policy of our civil institutions. To sue and be sued in their corporate name is one of the great privileges always granted to corporate bodies. It can only be authorised by the supreme power of the state." *Seely* v. *Schenck & Denise*, 1 Penn. 75.

(2) *Quære.* Vide *Hughes* v. *Walker, Carter & Co.*, in this Court, *May* term, 1835, post.