### HUGHES *v.* WALKER, CARTER, & Co.

If an unincorporated company sue in the name of the firm, the suit will be dismissed on motion.

When a suit is properly brought by the persons composing the firm of *A. & Co.*, and a note payable to the firm is filed as the cause of action, the plaintiffs should enter a suggestion on record, that the promise was made to the plaintiffs by the name of *A. & Co.*

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—An action of assumpsit was brought before a justice of the peace, in the name of *Walker, Carter, & Co.*, as plaintiffs, against *Hughes.*  The judgment of the justice is, "That the *plaintiffs* have judgment against the defendant for 27 dollars, with costs."  *Hughes* appealed to the Circuit Court. The judgment in the Circuit Court is, "That the *plaintiffs* re-

cover of the defendant the sum of 28 dollars in damages, with <span>May Term,<br>1835.</span>
costs."

The only evidence in the cause was, that the firm of *Walker*, <span>Hughes<br>v.<br>Walker,<br>Carter, & Co.</span>
*Carter, & Co.*, in the name of which firm the suit was brought,
was composed of four persons, to wit, *George B. Walker*,
*Chancy Carter*, *Joseph Holman*, and *Anthony L. Davis*, and
that the defendant had executed the note on which the suit
was founded.

The defendant moved the Court to dismiss the cause, on the
ground that it was brought in the name of the firm, when it
should have been brought in the names of the individuals com-
posing the firm. This motion was overruled.

There can be no doubt but that the suit ought not to have
been sustained. The right to sue, if there was any, was in
four persons, and the action was brought by two of them only;
and even the christian names of those two are not mentioned.
The plaintiffs supposed that they might sue in the name of the
firm. That, however, was a mistake. An unincorporated
company can only sue in the names of the individuals who
compose the company. 1 Chitt. Plead. 12 (1).

There is another ground on which the judgment must be
reversed. The record does not show that there was any note
or any thing else filed to show the cause of action. But even
supposing a note payable to *Walker, Carter, & Co.* had been
filed, that circumstance would not have been sufficient. The
statute authorising a note to be filed as the statement of demand,
cannot intend that a note shall, of itself, be a sufficient state-
ment in cases like the present, where the note does not show
the names of the persons to whom it is payable. If the suit
had been brought by the persons composing the firm, and the
note had been filed with a suggestion on record, that the pro-
mise was made to the plaintiffs, by the name of *Walker, Car-
ter, & Co.*, the objection here noticed would not have exist-
ed (2).

*Per Curiam.*—The judgment is reversed with costs. To be
certified, &c.

*D. H. Colerick*, for the plaintiff.
*H. Cooper*, for the defendants.

(1) *Hays et al.* v. *Lanier et al.* Vol. 3 of these Rep. 322, and note.—*Davis* v.
*Hubbard & Co.*, the present term, *ante*.

May Term,
1835.

(2) Vide *Evans et al.* v. *Shoemaker*, Vol. 2 of these Rep. 237.—R. Code, 1831, p. 301.—*Vandagrift* v. *Tate·et ux.*, *Nov.* term, 1836.—Rev. Stat. 1838, p. 367, 368. As to the cases commenced in the *Circuit Court*, in which a declaration may be dispensed with, vide *Taylor* v. *Meek*, *ante*, p. 41. Rev. Stat. 1838, p. 458.