BARRACKMAN *v.* J. M. WORTHINGTON & Co.

BARRACKMAN
v.
J. M. WORTH-
INGTON & Co.

A *scire facias* on behalf of a firm, to have execution against real estate on the judgment of a justice of the peace, should not issue in the name of the firm, but in the names of the persons composing it.

The *scire facias* in such case should show, that the justice had issued an execution on the judgment against the defendant's goods, and that the same had been returned *nulla bona.*

ERROR to the *Morgan* Circuit Court.

*Friday,
November 22.*

SULLIVAN, J.—*Scire facias* to have execution against the real estate of the defendant in the Court below, on a judgment rendered by a justice of the peace. In the Circuit Court there was a demurrer to the *scire facias,* which was overruled by the Court, and judgment given for the plaintiffs.

Two exceptions are taken to the proceedings in this case, both of which are fatal. The first is, that the writ is sued out in the partnership name of *J. M. Worthington & Co.,* and the record no where shows the names of the individuals composing the company. In the cases of *Hays et al.* v. *Lanier et al.* 3 Blackf. 322, *Davis* v. *Hubbard & Co.,* and *Hughes* v. *Walker, Carter, & Co.,* 4 Blackf. 50, it was decided by this Court, that an unincorporated company can only sue in the names of the individuals composing the company. The defendant in such cases may demur or move to dismiss the cause.

The second exception is, that there is no averment in the *scire facias* that an execution was issued on the judgment, by the justice, against the judgment-debtor, and that no goods and chattels could be found to discharge the judgment. This proceeding is only allowed in cases where the judgment-creditor has caused an execution to be issued by the justice, and has not been able to levy the amount of his judgment for want of goods and chattels belonging to the defendant. By the 51st section of the act regulating the jurisdiction and duties of justices of the peace, Rev. Stat. 1838, p. 375, the justice, after the issuing of the execution and return of no goods and chattels, is required to forward a certified transcript of the judgment and proceedings to the clerk of the Circuit Court, who is to file the same and issue a *scire facias,* &c. The 3d section of the act concerning

Nov. Term, 1839.

clerks, Rev. Stat. 1838, p. 135, expressly prohibits any proceeding whatever in the Circuit Court against the real estate of a judgment-debtor, on transcripts of judgments rendered by a justice, until the justice shall have filed a certificate, stating that an execution had issued to the proper constable as directed by law, and a return made thereon that no goods or chattels could be found sufficient to satisfy the judgment.

The *scire facias*, in the case before us, shows that an execution was issued by the justice, but it does not show whether the money was made on that execution, nor whether it was returned *nulla bona*. It is therefore defective in that particular also, and the demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer set aside, with costs. Cause remanded, &c.

*B. Bull*, for the plaintiff.

*C. C. Nave*, for the defendants.