*C. Fletcher* and *O. Butler*, for the defendant.

---

| 5b 255 |
| 165 424 |

HOLLAND and Another *v.* BUTLER.

An unincorporated company cannot be sued in the name of the firm.

APPEAL from the *Franklin* Circuit Court.

SULLIVAN, J.—*Butler* brought an action of assumpsit against the appellants on a promissory note, which was signed " *W. & J. Holland.*" Neither the writ, nor the declaration, shows the proper names of the persons composing the firm of *W. & J. Holland.* On the day to which the cause was set for trial, a motion to quash the writ, and a plea in abatement, were successively overruled by the Court. The defendants then filed a general demurrer to the

Nov. Term, 1839.

declaration, which was also overruled, and judgment was given for the plaintiff.

The law is now well settled, that where there are several co-defendants, the true proper name of each of them must be given with certainty; Gould's Plead. chap. 5, sec. 70; 1 Chitt. Pl. 286; and this Court has by repeated decisions recognized this to be the law. But the defendant in error, to sustain the judgment of the Circuit Court, relies upon the case of *Wooster* v. *Lyons, November* term, 1838, in which it is decided that if a person execute a written promise by a wrong name, he must be sued in that name. That doctrine is undoubtedly correct, but the cases are not analogous. Here the note is signed by the true co-partnership name of the defendants, a name which they may assume for the purpose of trade, but a name by which they can neither sue nor be sued in a Court of justice. Had they executed the note by any other than their true co-partnership name, as for example *J. Holland & Co.*, on a suit against the defendants, trading in the name of *J. Holland & Co.*, founded on that promise, they would be estopped from denying *that* to be their true co-partnership name. In such case, the principle recognized in *Wooster* v. *Lyons* would apply. But even in that case, the proper names of the persons making the promise should be stated. *Hays et al.* v. *Lanier et al.*, 3 Blackf. 322, and note.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland*, for the appellants.
*J. Ryman*, for the appellee.