May Term,
1858.

LIVINGSTON
v.
HARVEY.

Friday,
May 28.

(1) Counsel for the appellants cited the following cases:

Parol evidence is not admissible to vary or defeat a written contract—especially when such evidence goes only to facts contemporaneous with such written contract. *Blair et al.* v. *Williams*, 7 Blackf. 132.—*Graves* v. *Clark*, 6 *id.* 183.—*Wilson* v. *Black, id.* 509.

(2) Counsel for the appellee cited the following:

The bill of exceptions must show that an objection to the admission of evidence was made when the evidence was offered, and that the Court was informed of the particular objections to its admission. 5 Ind. R. 300.—6 *id.* 453.—*Houston* v. *Houston*, 4 *id.* 139.

It has been decided that an informal subscription for stock to a preliminary paper, seems but a provisional act, and inoperative unless pursued through the remaining forms of the statute. *Troy and Boston Railroad Company* v. *Tibbits*, 18 Barb. (N. Y.) 298.

LIVINGSTON and Others *v.* HARVEY.

Friday,
May 28.

APPEAL from the *Marion* Court of Common Pleas.

*Per Curiam.*—*Harvey* brought a suit against "*Livingston, Fargo & Co.*, and *Wells, Butterfield & Co.*, as proprietors of, and doing business under the name and style of, the *American Express Co.*"

There was no appearance below. Judgment for plaintiff. *Livingston & Fargo, Wells & Butterfield* appeal.

The summons does not give the names of the defendants differently from the complaint. The judgment is against the defendants.

The names should have appeared in some part of the proceedings (1).

The judgment is reversed with costs. Cause remanded, &c.

*H. C. Newcomb* and *J. S. Harvey*, for the appellants.

*J. L. Ketcham* and *I. Coffin*, for the appellee.

(1) See 3 Blackf. 322, and cases there cited.