GEORGE A. GOTT *vs.* ADAMS EXPRESS COMPANY.

A party to a civil action, in order to be entitled to file interrogatories under the Gen. Sts. *c.* 129, § 50, to an alleged officer of the other party, is bound to prove to the satisfaction of the presiding judge that the other party is a corporation.

In an action against the "Adams Express Company," the declaration alleged that the defendants were "a company having a place of business" in this Commonwealth; and the answer denied each and every allegation of the plaintiff. *Held,* that, whether or not the declaration sufficiently alleged that the defendants were a corporation, the plaintiff was bound to prove it as a fact if they denied it at the trial.

CONTRACT for the value of articles lost from the plaintiff's trunk while in the custody of the defendants, as common carriers, to transport from Savannah in Georgia to Boston; with a count in tort for the conversion of the articles. The declaration alleged " that the defendants are a company having a place of business at Boston, at New York and at Savannah." The answer denied each and every allegation of the declaration.

In the superior court, the plaintiff filed interrogatories which were answered on oath by Waldo Adams, the defendants' agent, on whom the writ was served; and afterwards, before the trial, filed interrogatories to John Hoey, an alleged officer of the defendants, which were not answered, the defendants contending that they were not a corporation, and so the plaintiff was not entitled to examine Hoey in that manner; and the court refused to order them to be answered without proof that the defendants were a corporation.

At the trial, before *Morton,* J., the plaintiff offered no evidence that the defendants were a corporation, although they contended that it was a material fact which it was necessary for him to prove under the pleadings; and the judge directed a verdict for

the defendants, which was returned, and reported the case to this court.

*C. Sewall*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendants.

GRAY, J. 1. By the practice act, either party to a civil action may file interrogatories to be answered on oath by the adverse party, and may read his answers at the trial as evidence. Gen. Sts. *c.* 129, §§ 46, 74. The right to file such interrogatories to any person other than a party to the suit is limited by the statute to the case of a corporation, in which case the opposite party is allowed to examine the president, treasurer, clerk, or any director or other officer, in the same manner as if he were a party to the suit. Gen. Sts. *c.* 129, § 50. The plaintiff, in order to be entitled to file interrogatories to Hoey as an officer of the defendants, was bound to prove that the defendants were a corporation ; and the proof upon this issue and for this purpose, as upon any question preliminary to the competency of evidence, must be made to the satisfaction of the presiding judge. No such proof having been offered, the judge rightly refused to order the interrogatories to be answered.

2. The plaintiff on the trial sought to charge the defendants as a corporation. A denial of the legal incorporation of an association sought to be so charged is not matter of abatement only, but may be made by answer on the merits. *Greenwood* v. *Lake Shore Railroad Co.* 10 Gray, 373. The plaintiff did not in his writ or declaration allege in terms that the defendants were a corporation, but only that they were " a company having a place of business at Boston." If this was a sufficient averment that they were a corporation, it was met and put in issue by the denial in the answer of each and every allegation in the declaration. *Boston Relief & Submarine Co.* v. *Burnett*, 1 Allen, 410. If it was not a sufficient averment of the incorporation of the defendants, this essential fact was not alleged at all, and, not being alleged, was not admitted by the answer. *Tarbell* v. *Gray*, 4 Gray, 444. *Jones* v. *Andover*, 10 Allen, 22. *Oliver* v *Colonial Gold Co.* 11 Allen, 283. In either aspect, it might be denied by the defendants at the trial, and the plaintiff was

bound to prove it; and, having offered no evidence of it, he ;ould not maintain his action.

*Judgment on the verdict for the defendants.*