THE ADAMS EXPRESS COMPANY *v.* HILL.

| 43 | 157 |
| 165 | 424 |

| 43 | 157 |
| f168 | 451 |
| 168 | 474 |

PRACTICE.—*Appearance.*—*Summons.*—*Service of Process.*—*Waiver.*—It is too late, after an appearance has been made to an action, to object to the summons or the service thereof.

PLEADING.—*Corporation.*—The allegation, in a complaint, that the defendant is a common carrier doing business under the style and firm name of The Adams Express Company, implies that the defendant is a corporation, and not a copartnership.

SAME.—*General Denial.*—*Evidence.*—Where an action is brought against a defendant by a name implying a corporation, and in that name such defendant forms an issue by general denial and goes to trial, it is not necessary for the plaintiff to introduce any evidence of the existence of the corporation.

From the Monroe Common Pleas.

*G. A. Buskirk, J. H. Louden, C. Baker, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*R. Hill* and *G. W. Richardson,* for appellee.

DOWNEY, C. J.—This was an action by the appellee against the appellant, on a contract, by which the appellant agreed, as a common carrier, to carry a certain amount of money, and certain valuable papers from Bloomington to Columbus, in this State, and deliver the same to the plaintiff, which it is alleged the defendant failed to do. The contract is evidenced by the company's receipt, in the usual form, signed by the agent of the company, and made part of the complaint.

On the second day of the term, the following entry was made: "Come again the parties by their counsel, and the defendant is ruled to answer on the third day." On the third day, the defendant moved the court to set aside the summons, and still later moved to set aside the service of the summons. These motions were overruled, and the rulings are the first questions presented for our decision. In our opinion, the objections came too late. There was a full appearance to the action on the second day of the term by the defendants, and a submission to a rule to answer on the next day. In *Womack* v. *McAhren,* 9 Ind. 6, a question was decided by the court much like this. The parties appeared on

the 3d day of July, and a rule was taken against the defendant to answer at the next calling of the cause. On the fifth day of July, the parties again appeared, and the defendant moved the court to continue the cause, because the summons had not been served in time. The court said: "After appearing and suffering the rule to plead to pass on the third day, it seems too late to take advantage of the service on the fifth." The court again say: "Objections to process, and other preliminary and merely formal matters not going to the merits, should be taken at the earliest moment." "All objections to the writ are waived by an appearance to the action." *Brayton* v. *Freese*, 1 Ind. 121. The motion to set aside the summons, and that to set aside the service thereof, were properly disallowed, for the reason that they were made too late, no matter whether the summons or the service was in proper form or not. They had performed their office when they had secured the appearance of the defendant to the action.

The next question relates to the sufficiency of the complaint. It commences thus: "Ralph Hill complains of The Adams Express Company, and says that, at the time hereafter mentioned, the defendant was a common carrier, doing business as such under the style and firm name of The Adams Express Company," etc. A demurrer to the complaint was filed, alleging, among other objections to it, that it did not state facts sufficient to constitute a cause of action. The specific objection to the complaint is, that it shows that the defendant was a firm or copartnership, and that the names of the members should have been set out as the defendants. The position of counsel for the appellant and authority cited in support of it as taken from their brief are as follows:

"This demurrer raised directly the question whether a firm or copartnership can be sued in and by the firm name, without disclosing the names of the individuals who compose the firm, or bringing them before the court by the service of process. That this cannot be done, is so plain as hardly to require the citation of authorities in its support. We

The Adams Express Co. *v.* Hill.

cite, however, a few of the many decisions directly in point. *Hays* v. *Lanier*, 3 Blackf. 322; *Holland* v. *Butler*, 5 Blackf. 255; *Livingston* v. *Harvey*, 10 Ind. 218; *Gott* v. *Adams Express Company*, 100 Mass. 320."

In the case in 3 Blackf., the plaintiffs were designated thus: "Stapp, Lanier & Co." It was held that they could not sue in their firm name. In the case in 5 Blackf., the plaintiff sued the defendants by their firm name of " W. & J. Holland," and the declaration was held bad. In the case in 10 Ind., the defendants were designated as "Livingston, Fargo & Co., and Wells, Butterfield & Co., as proprietors of, and doing business under the name and style of, The American Express Co." The objection was held to be fatal. The rule recognized and applied in these cases is well established and has been often applied. But we think it does not quite meet the point in question. It has often been held by this court that, in suing in the name of a corporation, it is unnecessary to allege that the plaintiff is a corporation. 1 Davis Ind. Dig., Tit. Corporation, 279, sec. 128. But does the same rule apply when a corporation is the defendant? In Angell & Ames Corp., sec. 649, it is laid down that "a corporation may be declared against by the name by which it is known, without alleging it to be chartered or incorporated; if the description impliedly amounts to an allegation that the defendants are a corporate body." In the case under consideration, the action is against "The Adams Express Company." This, we think, implies that the defendant is a corporation. The name of no individual is disclosed. What is added as to the style and firm name in which it did business, so far as it would seem to convey the notion that it is a firm or copartnership, may, we think, be rejected. It is evident that some part of the description must be rejected. The defendant is spoken of as a single person or entity, in the singular number. There is nothing implying plurality, except the use of the word "firm." Possibly this word was used by inadvertence or without a clear understanding of its meaning. Rejecting the word "firm" as merely surplusage,

and there is nothing in the complaint inconsistent with the idea that the defendant is a corporation. We think the complaint was not liable to the objection urged against it. No other objection is urged.

The answer of the defendant was in four paragraphs. Demurrers were sustained to all of them except the first, which was the general denial. No question is made in the brief of counsel with reference to the sustaining of these demurrers. The issue formed by the general denial was tried by the court, and there was a judgment for the plaintiff. A motion made by the defendant for a new trial was overruled, and there was final judgment for the plaintiff.

In addition to the errors already considered, it is alleged that the court erred in overruling the motion of the defendant for a new trial. The reason for a new trial which is relied upon is stated by counsel for the appellant as follows: "But if the plaintiff could, under his complaint, have been permitted to prove the corporate existence of the defendant, still the evidence, which is made a part of the record by bill of exceptions, shows that no attempt was made to adduce any such proof. The general denial was in, and it put the plaintiff to the proof of the defendant's corporate existence, if it is pretended to have had or to have such an existence. For want of such proof, the motion for a new trial should have been granted, and the failure to grant it is another conclusive reason for the reversal of the case."

Had The Adams Express Company sued Mr. Hill on the contract in question, or any contract made with it, there are many cases in this court holding that he could not have denied the existence of the corporation at the time of making the contract. 1 Davis Ind. Dig., Tit. Corp., sec. 132. It is not necessary that the contract should state that the party with whom it was made is a corporation. If the style by which a party is contracted with is such as is usual in creating corporations, that is, if it name an ideality, but discloses no name of an individual, as is usual in the case of partnerships, it will be treated as, *prima facie*, at least, show-

ing the existence of a corporation. *Jones* v. *The Cincinnati Type Foundry Co.*, 14 Ind. 89. If, when a contract is made with an entity claiming to be a corporation, the party contracting with it cannot deny its existence as a corporation at the time, why does not the same principle and policy require that the rule shall apply to the corporation also? Why shall not the rule be reciprocal in its operation? Why shall the alleged corporation not be estopped, when sued on the contract, from denying that it was a corporation at the time? If it can deny the existence of the corporation, the practice involves this absurdity, to take the present case as an illustration: The Adams Express Company is sued and charged with having made and violated a contract, and damages are sought to be recovered against the company. But the defendant, The Adams Express Company, comes into court and says there is no such artificial person or corporation as The Adams Express Company. If a natural person is sued upon a contract which he has made, is it admissible for him to come into court and allege as a bar to the action that there is no such person? To deny the making of the contract alleged is a different thing and involves no inconsistency. If in such a case there is no such corporation, who has a right to set up that fact as a bar to the action? Can a non-entity employ counsel and defend an action? If there is no such corporation, who is harmed if a judgment shall be rendered against that imaginary something which was supposed to be, but which was not, a corporation?

In this case the clerk, in making up the transcript, has not copied into it the title of the action at the head of the demurrer to the complaint or at the beginning of the answer. If they had been copied, we presume they would have shown that the parties to the action were " *Ralph Hill* v. *The Adams Express Company.*" In and by the demurrer to the complaint, the defendant, The Adams Express Company, said it demurred to the complaint, because it did not state facts sufficient, and under this demurrer urged that there was no

such corporation as The Adams Express Company. When this objection was disallowed, it pleaded a general denial of the complaint, and went to trial, the attorneys of The Adams Express Company appearing for it and conducting the cause. The contract, purporting to have been made by the company through its agent, is read in evidence, the breach of the contract is shown, the company also introduces evidence to disprove the breach of the contract, and there is judgment for the plaintiff against the company. Now The Adams Express Company comes and says, you did not prove that I was The Adams Express Company. Suppose that it is true that there is no such corporation as The Adams Express Company, the judgment will simply be null and void, wholly incapable of enforcement against any person natural or artificial. It seems to be decided in *Gott* v. *Adams Express Company*, cited by counsel, *supra*, that, according to the law and practice in Massachusetts, when a suit is against a corporation, and the general denial is pleaded by the alleged corporation, the case is not made out, on the trial, without proof of the existence of the corporation. We do not think that this is the law in this State. In our opinion, it was not necessary for the plaintiff in this case, under the circumstances of the case and the issues formed, to introduce any evidence of the existence of the corporation. *Ewing* v. *Robeson,* 15 Ind. 26; *Callender* v. *The Painesville, etc., Railroad Co..,* 11 Ohio St. 516.

The judgment is affirmed, with five per cent. damages and costs.