Pollock v. Dunning et al.

---

POLLOCK v. DUNNING ET AL.

PARTIES.—*Suit by Partners in Firm Name.*—An unincorporated company can not maintain an action brought by it in its firm name and style alone, but must proceed in the individual names of its members.

PLEADING.—*Complaint.*—*Must Set Out Names of Parties.*—*Demurrer.*—*Motion in Arrest.*—A complaint by an unincorporated company in its firm name and style alone, not setting out the individual names of the members thereof, is bad, both on demurrer and on motion in arrest of judgment.

From the Kosciusko Circuit Court.

C. *Clemans* and J. A. *Clemans*, for appellant.

J. H. *Taylor* and L. W. *Royse*, for appellees.

NIBLACK, J.—This action was commenced before a justice of the peace by the appellees, in their firm name of L. J. Dunning & Son, against Andrew Pollock, the appellant.

The only complaint filed was a promissory note as follows :

"$29.20.          LIGONIER, IND., May 17th, 1870.

" One day after date I promise to pay to the order of L. J. Dunning & Son twenty-nine and twenty one-hundredths dollars, value received, without any relief from valuation or appraisement laws of the state of Indiana, with interest at ten per cent. from date until paid. If this note be collected by suit, the judgment shall include the reasonable fee of plaintiff's attorney.

"ANDREW POLLOCK."

There was judgment by default, before the justice of the peace, and Pollock appealed to the circuit court. In that court, he appeared to the action and demurred to the complaint. In his demurrer, the appellant assigned the following grounds of objection, viz.:

1. That the plaintiffs had not legal capacity to sue;

2. The complaint did not state facts sufficient to constitute a good cause of action;

3. That there was a defect of parties plaintiff in this, Jesse Dunning should be a party-plaintiff.

The demurrer was overruled, and the cause coming on for trial was submitted to the court, without a jury. There was a finding for the appellees in the sum of forty-eight dollars and nine cents. A motion in arrest of judgment was interposed, which was overruled, and a judgment was rendered against the appellant for the amount thus found to be due the appellees. Exceptions were duly reserved, both on the demurrer and the motion in arrest of judgment.

The errors assigned are as follows, viz.:

1. The overruling of the appellant's motion in arrest of judgment.

Pollock *v.* Dunning *et al.*

. 2. The overruling of the appellant's demurrer to the appellees' complaint.

We will consider the errors assigned in their inverse order.

We construe the first ground of objection raised by the demurrer, viz., that the appellees " had not legal capacity to sue," to mean, in legal contemplation, that they were not authorized by law to prosecute their action in the manner and form in which they did, that is, in their firm or partnership name, simply.

We regard the case of *Hays* v. *Lanier*, 3 Blackf. 322, decided by this court at an early period in the history of our state, as one substantially in point. That was an action brought in the court below by Stapp, Lanier & Co., in their firm name, on a promissory note payable to the firm, without any declaration accompanying or filed with the note.

STEVENS, J., in delivering the opinion in that cause, said:

" There is no principle more certainly and satisfactorily settled, than that in all actions the writ and declaration must both set forth, accurately, the christian and surname of each plaintiff and each defendant, unless the party is a corporation, known to the law by an artificial name, and is authorized to sue and be sued in such corporate name. This rule of law and practice is sustained by reason, justice, and the highest authorities. In the case now before us, the defendants in error are not a corporation known to the law by the artificial name of Stapp, Lanier & Co.; they are natural persons, and must sue in their individual names." See, also, *Hughes·* v. *Walker, Carter & Co.*, 4 Blackf. 50 ; *Barrackman* v. *J. M. Worthington & Co.*, 5 Blackf. 213 ; 1 Chitty on Pleading, p. 13.

The rule thus laid down has ever since, so far as we are advised, been recognized as the correct one in the class of cases to which it refers. Our present code of civil procedure seems to have made no change in that rule.

We think it may, therefore, be safely assumed as the settled law in our state, that an unincorporated company can not sue in the name of their firm, but must proceed in the individual names of their members.

From the conclusion at which we have arrived, we are constrained to decide that the appellees had not legal capacity to sue in the manner and in the form in which they proceeded, and that the court below erred in overruling the demurrer to the complaint. Also, that the court erred in overruling the motion in arrest of judgment.

The judgment is reversed, and the cause remanded for further proceedings, in accordance with this opinion.