## SHERROD v. SHIRLEY ET AL., ADM'RS.

PLEADING.—*Complaint.—Names of Parties.—Omission Cured by Answer.—Decedents' Estates.—Justice of the Peace.*—A complaint filed in the court of a justice of the peace, by the administrator of a decedent's estate, set out the initials only of the plaintiff's Christian name; but the defendant, in a written answer by him filed, set out the full names of all the parties. *Held*, that the complaint was defective, but that such defect was cured by the answer.

SAME.—*Bill of Particulars.*—Where, in such action, the complaint professes, but fails, to set out a bill of particulars of an account, on which the action is brought, it is insufficient.

From the Hendricks Circuit Court.

C. C. Nave and C. A. Nave, for appellant.

BIDDLE, J.—The appellees, who are administrators, brought this suit before Thomas B. Hall, a justice of the peace, against the appellant, on the following cause of action :

"G. W. Shirley & E. Dicks, Adm'rs of the Estate of John A. Dicks, deceased, v. Solomon S. Sherrod.

"Before Thomas B. Hall, Justice of the Peace of Union township, Hendricks county, Ind.

"Said plaintiffs complain of the defendant, and say that the defendant is indebted to him," [them] "as shown by an itemized account filed herewith, in the sum of forty-two dollars, for which he" [they] "demand judgment and other proper relief.   Account to be filed."

The venue was changed from Justice Hall to Justice Isaac Burnett, of the same township.   The transcript states, that, before Justice Burnett, "the plaintiffs, by their att'y, D. C. Lane, now filed their itemized account," but no itemized account is found anywhere in the transcript.   The appellant then moved to dismiss the cause, for the reason that the itemized account was not "filed at the proper time."   This motion was overruled by the justice.   The appellees next sought and obtained a change of venue from Justice Burnett to Justice James M. Wells, before whom appellant filed an answer to the complaint.   A trial was had upon the issues, and judgment rendered in favor of appellees.   From this judgment the appellant appealed to the circuit court, wherein he moved "to dismiss the cause for want of a sufficient cause of action."   This motion was overruled, and exception reserved.

A jury trial was had, verdict for appellees, and, over a motion for a new trial and exceptions, a judgment rendered.   Appeal to this court.

One of the assigned errors is, overruling the motion to

dismiss the cause in the circuit court, for want of a sufficient cause of action. Two objections are taken to the cause of action: First, that it does not set out the names of the plaintiffs below. This is a fatal objection if not cured; but it may be cured by the process, amendment, or by a pleading wherein the names are properly stated. In pleading to the cause of action, by an answer which stated the names of the plaintiffs in full, before justice Wells, the appellant cured this alleged error.	*Widup* v. *Gibson*, 53 Ind. 484.

But we think the second objection, namely: that the cause of action is insufficient, is well taken. Although no particular formality is required in pleading before a justice of the peace, yet the statement must be sufficient to apprise the opposite party of the nature of the claim, and such as could be pleaded in bar to a subsequent action for the same thing. In this case, although the transcript says, that the appellants "filed their itemized account," yet the items are not given. There is nothing to inform the opposite party of the nature of the claim, nor any thing which could be pleaded in bar of another action. *Wolf* v. *Schofield*, 38 Ind. 175; *Stephenson* v. *Ballard*, 50 Ind. 176; *Crocker* v. *Hoffman*, 48 Ind. 207. We are therefore constrained to reverse the judgment, at the costs of the appellees, to be paid out of assets in their hands yet to be administered.

Judgment accordingly.