Mackenzie *et al. v.* The Board of School Trustees of Edinburg.

———•••———

No. 7465.

MACKENZIE ET AL. *v.* THE BOARD OF SCHOOL TRUSTEES OF EDINBURG.

PRACTICE.—*Brief.— Waiver.— Supreme Court.*—Questions not discussed in the brief of counsel will be regarded as waived by the Supreme Court.

Mackenzie *et al. v.* The Board of School Trustees of Edinburg.

SAME.—*Parties to Action.—How Unincorporated Companies Must Sue.*—An unincorporated company must sue in the individual names of its members, and not in the name of such company.

PLEADING.—*Designation of Corporation in Complaint.—Town Trustees.*—Where, in the complaint, the plaintiff therein is designated as "The board of school trustees for the town of," etc., such designation implies that such plaintiff is a corporation, and such complaint is sufficient on demurrer thereto for want of legal capacity to sue.

SAME.—*Estoppel.*—A party contracting with a corporation as such is estopped to deny its corporate existence and its power to sue as a corporation.

SAME.—*Contract, Execution of by Town Trustees.—Public Corporation.*—Where, in a contract, it is manifest that the parties whose names are signed thereto, were acting as the trustees of a public corporation, although executed in their own names, such contract is not their personal contract, but that of the public corporation of which they are the trustees.

SAME.—*Complaint on Bond and Contract.—Consideration.*—Where, in a complaint upon a contract, the bond given to secure its performance filed therewith recited "that the said J. M. shall faithfully comply with the conditions of the foregoing contract," etc., such contract and bond will be considered as constituting a single instrument, and the consideration for the contract a sufficient consideration for the bond.

SAME.—*Assignment of Breaches of Contract and Bond.—Complaint.—Demurrer.*—A stipulation in a contract for the repair of a building, that the contractor is to furnish all the material therefor, must be construed to mean that such contractor is to furnish the same at his own expense; and a complaint, assigning as breaches of such contract and bond his failure to pay therefor, is sufficient on demurrer.

From the Marion Superior Court.

*B. Harrison, C. C. Hines, W. H. H. Miller* and *J. G. Williams*, for appellants.

*C. Byfield* and *L. Howland*, for appellee.

HOWK, J.—This action was brought by the appellee, as plaintiff, to recover damages from the appellants for their alleged breaches of a certain written contract and bond executed by them to the appellee. The cause, having been put at issue, was tried by the court at special term, and a finding was made for the appellee, and judgment was rendered accordingly. On appeal to the court in general term, the

Mackenzie *et al. v.* The Board of School Trustees of Edinburg.

judgment of the special term was in all things affirmed, and from this judgment of affirmance this appeal is now here prosecuted.

By a proper assignment here, the appellants have brought before this court the errors assigned by them in the court below, in general term, as follows:

1. The court at special term erred in overruling the separate demurrers of the appellants John Schneider and Philip Schloss, to appellee's complaint;

2. The court also erred in overruling the joint demurrer of said appellants to the complaint; and,

3. The court erred in overruling the appellants' motion for a new trial.

No question arising under the alleged error of the court in overruling the motion for a new trial has been presented and discussed by the appellants' counsel in their brief of this cause in this court. The third supposed error must, therefore, under the settled practice of this court, be regarded as waived.

The appellants Schneider and Schloss separately demurred to the complaint upon two grounds of objection, namely:

1. That the complaint did not state facts sufficient to constitute a cause of action;

2. That the appellee had not legal capacity to sue, which was apparent on the face of the complaint.

The decision of the court in overruling this demurrer was assigned as the first error.

All the appellants jointly demurred to the complaint for the alleged insufficiency of the facts therein to constitute a cause of action, and the overruling of this demurrer was assigned as the second error. The first and second errors may properly, therefore, be considered together.

This suit was brought, as we have seen, by and in the name of "The Board of School Trustees for the Town of Edinburg, Johnson County, Indiana," as sole plaintiff. One

of the grounds of objection, in the demurrer to the complaint, as we have seen, was, that it was apparent on the face of the complaint, that this plaintiff had not the legal capacity to sue. In discussing this objection to the complaint, the first point made by the appellants' counsel is, "that the names of Kelly, Winterbery and Thompson should have been set out in the complaint." A copy of the contract in suit was made a part of the complaint, and it began as follows: "Articles of agreement, made and entered into this the 17th day of July, A. D. 1876, by and between the Trustees of Public Schools of Edinburg, Johnson county, Indiana, party of the first part, and John Mackenzie, contractor and builder, party of the second part, Witnesseth." Then followed the covenants and agreements of the party of the first part and of the party of the second part, respectively; and the contract closed as follows: "In testimony whereof, the parties have hereunto set their hands and seals, the day and year above written." The contract was signed by James M. Kelly, A. W. Winterbery and John A. Thompson, apparently as or for "the party of the first part," but without any designation of their official character in connection with their signatures; and it was also signed by said John Mackenzie, who was described therein as "party of the second part."

The appellants' counsel assume, that the party plaintiff in this action is an unincorporated company, and they base their entire argument on the point under consideration, on this assumption: Counsel say: "It will not do to say, that the name in which the plaintiffs sue imports a corporation, because the complaint and contract, upon which it is founded, expressly negative such a statement." In their view, the contract negatives such a statement, because it is signed by Kelly, Winterbery and Thompson, in their own proper names, and without any prefix or suffix, in close connection with their signatures, to indicate that they were acting in an

Mackenzie *et al. v.* The Board of School Trustees of Edinburg.

official or representative character, as the officers or agents of a corporation, in their execution of said contract. Again, it is claimed, that the complaint negatives such a statement, because it "invariably uses the plural number, in referring to the plaintiffs;" and reference is made to pages and lines of the record, for the purpose of showing that, in many instances, the party plaintiff in this case had been spoken of or referred to in the plural number. This is the entire argument of the appellants' learned counsel, on the point we are considering, and we are by no means convinced thereby, "that the names of Kelly, Winterbery and Thompson should have been set out in the complaint."

Of course, if it might be assumed, as counsel assume in argument, that the party plaintiff in this cause is an unincorporated company, then no argument would be needed to show that the individual members of such company, whoever they were, would have been proper and necessary parties plaintiffs in the complaint. The rule has been repeatedly recognized, and never questioned so far as we are advised, in the decisions of this court, that an unincorporated company must sue in the individual names of its members, and not in the name of the company. *Hays* v. *Lanier*, 3 Blackf. 322 ; *Livingston* v. *Harvey*, 10 Ind. 218 ; *The Adams Express Co.* v. *Hill*, 43 Ind. 157.

But it seems to us that this assumption of the appellants' counsel is wholly unauthorized by anything appearing in the record. Certainly it is not apparent on the face of the complaint, that the party plaintiff therein was or is an unincorporated company ; and, therefore, the demurrer to the complaint, upon the ground that the plaintiff had not the legal capacity to sue, was correctly overruled. The name in which the plaintiff sued fairly implied that the plaintiff was a corporation, and this implication was sufficient to withstand the appellants' demurrer for the second statutory cause. *Harris* v. *The Muskingum, etc., Co.*, 4 Blackf. 267 ;

*Cicero, etc., Co.* v. *Craighead,* 28 Ind. 274; *The North-Western Conference, etc.,* v. *Myers,* 36 Ind. 375; *The Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 527. Not only so, but the appellants, having contracted with the appellee as a corporation, were estopped from denying its corporate existence, and its power and capacity to sue and be sued as a corporation. The fact that the contract was signed by Kelly, Winterbery and Thompson, in their own proper names, with nothing in connection with their signatures to indicate that they were acting as officers or agents of a corporation, in the execution of the contract, did not make it their individual or personal contract. On the face of the contract, it is manifest that, in its execution, they were acting as the trustees of the School Town of Edinburg, a public corporation. In the case of *School Town of Monticello* v. *Kendall, ante,* p. 91, the question of the individual or personal liability of the trustees of a school town, upon promissory notes executed by said trustees, was the subject of consideration in this court; and it was held that the notes were not the individual or personal contracts of the trustees, but were the contracts of the corporation. WOODS, J., speaking for the court, said: "It is clear that a school town or township is a purely public corporation, and the trustees thereof public agents. These notes, therefore, which were confessedly executed upon considerations moving only to the use and benefit of the appellant, are binding on no one unless upon the appellant. We have no hesitation in holding them to be, under the facts averred and upon the proof made, the obligations of the appellant." *Newman* v. *Sylvester,* 42 Ind. 106. So, in the case at bar, the subject-matter of the contract in suit was the building of additions, and the making of alterations and repairs, to the public school-house of Edinburg. Although this contract was apparently executed by the trustees, in their own proper names, we are clearly of

the opinion that it was not their personal contract, but that it was the contract of the public corporation, of which they were the trustees.

We fail to see that the use of the plural number, in speaking of a corporation aggregate, tends to show in the remotest degree that such corporation was an unincorporated company, or to negative the statement that the name in which the plaintiff sued imported a corporation.

In discussing the sufficiency of the complaint, the appellants' counsel insist that the demurrer should have been sustained because the complaint fails to show any consideration for the bond. The appellants Schneider and Schloss signed the bond given by Mackenzie, as his sureties, but were not parties to his contract, his performance of which was secured by said bond. It is claimed by counsel that the bond "shows upon its face that it was executed subsequent to the contract which it secured." We think, however, that the bond shows upon its face that the execution of the contract and bond were contemporaneous or concurrent acts. The contract and bond each bore the same date; and the condition of the bond shows that they were written on the same paper, the contract preceding the bond. The condition of the bond commenced as follows: "Now, if the said John Mackenzie shall faithfully comply with the conditions of the *foregoing* contract," etc. From this language it may be fairly assumed that both the instruments were drafted on the same paper, and that neither of them was delivered to the appellee until both had been fully signed by all the parties whose signatures were necessary. We are of the opinion that the contract and bond must be considered as constituting a single instrument, and that the consideration for the contract was a sufficient consideration for the bond.

Another objection to the sufficiency of the complaint, urged by the appellants' counsel, is, that "the complaint does not state any breaches of the contract which the bond se-

cured.'' The bond was conditioned that Mackenzie should faithfully comply with the conditions of the contract ''in all respects, according to the true intent and meaning thereof.'' It was stipulated in the contract, *inter alia*, that the said Mackenzie ''shall and will furnish such good, proper and sufficient material, of all kinds whatsoever, as shall be necessary for the alterations, additions and repairs of said school-house, and perform all kinds of labor whatsoever, as shall be necessary for the erection and completion of the same, in all respects,'' etc. The true intent and meaning of this stipulation of the contract can not be doubted, as it seems to us. Mackenzie was to furnish all necessary material, and to perform all necessary labor, at his own proper cost, charge and expense. The breaches assigned of said contract and bond were, in substance, that the said Mackenzie had failed to pay, as it was his duty to do, for all the materials and labor furnished by him under said contract, giving a detailed statement of the claims which he had failed and ought to have paid. The assignment of breaches was rather informal and indefinite, but it seems to us to have been sufficient to withstand the appellants' demurrers to the complaint.

We find no error in the record.

The judgment is affirmed, at the appellants' costs.