No. 8214.

HELLYER *v.* BOWSER ET AL.

SUMMONS.—*Amendment.*—Where leave to amend a summons is granted during trial, and amendment is not made till after trial, but is acted upon as though it had been made, it is not error to then permit such amendment to be made.

SAME.—*Defective Complaint.*—A complaint before a justice of the peace, defective because entitled in the firm name of plaintiffs, may be cured by process, amendment, pleading or suggestion of record, in which the names are all properly stated.

SAME.—If the full names appear in the writ and in the title, they need not appear again in the complaint.

From the Blackford Circuit Court.

*W. March*, for appellant.

*T. S. Briscoe*, for appellees.

FRANKLIN, C.—Appellees sued appellant, before a justice of the peace, on an account for $33.25. Appellant answered in set-off on an account for $60.27.

The case, after a trial before the justice, was appealed to the circuit court, where the parties had a trial, which resulted in a finding and judgment for appellees, for the amount of their account.

Motion to dismiss action, and motion in arrest of judgment, overruled and excepted to.

The errors assigned in this court are:

1st. Overruling the motion in arrest of judgment;

2d. Permitting appellees to amend their complaint after trial;

3d. Overruling motion to dismiss action;

4th. Overruling motion for a new trial.

The record does not show that any motion for a new trial was made in the court below, neither does it show any exception to the overruling of the motion to dismiss the action.

The amendment complained of in the second assignment of errors was after the trial was over, and the court had announced its finding, and appellant had filed a motion in

arrest of judgment; then appellees amended the summons herein, by inserting the given names of the appellees. Leave to do so had been given by the court during the progress of the trial, upon the proposition of appellees to prove who composed the firm doing business under the firm name of appellees, but which amendment was not made until the time named.

We think this amendment was acted upon as though it had been made, and ought to be regarded as having been made at the time leave was granted by the court; and the court did not err in permitting it to be done, when the omission was discovered.

As to the motion in arrest of judgment, that was based upon the fact that the complaint did not technically set out the names of the plaintiffs, as plaintiffs. It commenced as follows:

"Jacob C. Bowser, Joseph R. Prentiss, Daniel M. Fall.

FORT WAYNE, INDIANA, September 6th, 1875.

"Mr. William Hellyer, Hartford City, bought of J. C. Bowser & Co." [Then stating the account sued on.]

The caption in the record entry of the motion to dismiss the cause stands thus:

"J. C. Bowser, Joseph R. Prentiss and Daniel M. Fall *v.* William Hellyer. No. 34. Appeal."

The summons, as amended, contained the full names of the persons constituting the firm name of the plaintiffs.

In the case of *Hays* v. *Lanier*, 3 Blackf. 322, it was held that a complaint before a justice of the peace in the firm name of the plaintiffs was sufficient, if the writ contained the full names of the partners. In the case of *Davis* v. *Hubbard*, 4 Blackf. 50, the same ruling was adhered to.

In the case of *Hughes* v. *Walker*, 4 Blackf. 50, it was held that a complaint in the firm name of the plaintiffs, before a justice of the peace. would be good, if a suggestion of record was made showing the names of the partners.

Hellyer *v.* Bowser *et al.*

In the case of *Barrackman* v. *Worthington*, 5 Blackf. 213, it was held, that if the names of the individuals composing the company nowhere appeared in the record, the cause of action was insufficient, and the defendant might demur or move to dismiss the cause.

The same doctrine was held in the case of *Pollock* v. *Dunning*, 54 Ind. 115, and it was also decided in that case, that the defendant might take advantage of the defect by a motion in arrest of judgment. The last two cases were proceedings in the circuit court.

When the complaint before a justice of the peace is defective on account of being in the firm name of the plaintiffs, it may be cured by the process, amendment, or a pleading or suggestion of record, wherein the names are all properly stated. *Sherrod* v. *Shirley*, 57 Ind. 13; *Widup* v. *Gibson*, 53 Ind. 484.

If the full names appear in the writ and in the title of the cause, they need not appear in the complaint. *Clark* v. *Dunlap*, 2 Ind. 551. In the case under consideration, the full names of the plaintiffs appeared in the summons as amended, in the title of the cause upon a motion to dismiss it, and in the beginning of the complaint, though not specified as plaintiffs. We think the names of the plaintiffs, for all practical purposes, sufficiently appear in this record. And the court committed no error in overruling the motion in arrest of judgment.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at the costs of appellant.