Filed Oct. 11, 1892.

---

No. 307.

## BASCOM ET AL. *v.* TONER ET AL.

PRACTICE.—*Christian Name of Plaintiff Must Appear in Pleadings.—Demurrer.*—Where the Christian names of the plaintiffs do not appear in any of the pleadings in the case, and the defect is not cured in any manner, the complaint is bad on demurrer. The first subdivision of section 338, R. S. 1881, requiring that the complaint shall contain "the title of the cause, specifying the name of the court in which the action is brought, and the names of the parties to the action, plaintiff and defendant," requires that the christian names of the parties, and not merely their initials, should be given.

PROMISSORY NOTE.—*Action by Endorsee Against Maker.—Endorsement Need not be Averred in Complaint.*—In an action brought by an endorsee against the makers of a promissory note, the note, and not the endorsement, is the contract constituting the cause of action. It is sufficient to aver in the complaint that the note was endorsed by the payee to the holder, without setting forth the endorsement.

SAME—*When Note Need not be Given in Evidence.*—In such an action, where the general issue was not tendered by the defendants, and there was evidence given that the plaintiff was the *bona fide* holder and owner of the note, and the endorser was made a party defendant to the action, it was not necessary for the plaintiffs to give the note in evidence.

EVIDENCE.—*Written Instrument.— When Parol Evidence of Inadmissible.—*

Where a written instrument was deposited with one who testified as a witness, and he stated that he had deposited it in a certain place; that he had looked for it but did not find it; that he " may have looked it over some way," parol evidence was not admissible to prove its contents. Before such evidence can be introduced there must be proof in addition to the loss that a diligent but unsuccessful search was made for the instrument in all places where it was likely to be. In the case at bar the loss of the instrument was not sufficiently shown; neither did it appear that a proper search had been made for it.

From the Starke Circuit Court.

*H. R. Robbins,* for appellants.

*J. W. Nichols,* for appellees.

Fox, J.—There is much confusion in the record in this case, but by a careful examination of it we find the facts involved to be substantially as follows: On or about the 21st of October, 1889, one Emma J. Marvin was engaged in merchandising in the town of Knox, Starke county, Indiana, that the merchandise was in the actual possession of her husband, William T. Marvin, who managed and conducted the business for her as her agent; that he, at the time aforesaid, sold a one-half interest in said stock of merchandise and business to the appellant William H. Bascom for the sum of $875, receiving therefor " in solvent notes and cash in hand $525," and accepting the notes of said Bascom for the residue, to wit, $350. The appellee Sylvester A. McCracken signed the said notes as surety for the said Bascom. The notes were made payable to the order of E. J. Marvin " at the Knox Bank." The note involved in this case was one of the notes given by Bascom and McCracken to Marvin. This note was afterward endorsed to A. D. Toner and J. Brunck, doing business under the name of "A. D. Toner & Brunck." The note not being paid at maturity, suit was brought by the said Toner and Brunck against Bascom and McCracken as makers and E. J. Marvin as endorser of the note. The complaint was in two paragraphs, which were in many respects substantially the same. In the caption of the

complaint, as well as in the body thereof, the plaintiffs below omitted to give their Christian names, but gave their names as "A. D. Toner and J. Brunck," partners, under the name of A. D. Toner & Brunck." A copy of the note was made an exhibit in the complaint. The only allegation in the complaint in regard to the endorsement is as follows: " That said defendant E. J. Marvin endorsed said note to plaintiffs, which is now due and wholly unpaid." No copy of the endorsement was set forth in or filed with the complaint. In the second paragraph it was alleged that Marvin endorsed the note to Toner & Brunck before maturity; that they paid full value for it and received it in good faith without any notice of any defence thereto held by the makers.

The defendant Bascom filed a demurrer to each paragraph of the complaint, which was overruled. The defendants, McCracken and Marvin, did not demur to either paragraph of the complaint.

The defendants, Bascom and McCracken, filed a joint answer in two paragraphs. The first denied under oath that the endorsement on the note was executed by E. J. Marvin, the payee to Toner and Brunck. The second paragraph of the answer was based upon fraudulent representations claimed to have been made at the time the said stock of goods was purchased, concerning the stock. In this paragraph it is alleged that at the time the note matured Marvin was the owner of it. Bascom filed a separate answer, in which it was alleged that he was the principal in said note, and that McCracken was his surety. This answer was in many respects like the second paragraph of the joint answer. It contained, however, many additional averments, which are immaterial as far as the questions presented for our consideration are concerned. After the answer was filed, the record shows that W. T. Marvin, husband of E. J. Marvin, became a party to the action and filed some pleadings, but what they were we are not advised, as they do not appear in the transcript. A general denial was filed to the answers, and thus

the cause was put at issue.  The case was tried by a jury, resulting in a verdict in favor of Toner and Brunck against Bascom, McCracken and E. J. Marvin for the amount due on the note.  A motion for a new trial was filed and overruled.  A motion in arrest of judgment was also filed and overruled.  Judgment was rendered upon the verdict for the amount due upon the note.

The assignment of errors in this court is as follows:

1. That the complaint is defective in failing to give the Christian names of the plaintiffs.

2. That the court erred in overruling defendants' demurrer to the first and second paragraphs of the amended complaint and each of them.

3. The court erred in overruling appellees' motion for a new trial.

4. The court erred in overruling appellants' motion for an arrest of judgment.

There are some technical omissions in the record in this case which, if objected to, would probably delay its consideration by this court, but, inasmuch as they are not urged by counsel we will proceed to decide the case upon its merits. Counsel earnestly insists that the case should be reversed under the first and second assignments of error, and refers us to the following decisions of Supreme Court:  *Vanblaricum* v. *Yeo*, 2 Blackf. 322 ; *Hays* v. *Lanier*, 3 Blackf. 322 ; *Holland* v. *Butler*, 5 Blackf. 255 ; *Livingston* v. *Harvey*, 10 Ind. 218 ; *Hubbell* v. *Skiles*, 16 Ind. 138 ; *Gardner* v. *State*, 4 Ind. 632 ; *Zellers* v. *State*, 7 Ind. 659 ; *Bridges* v. *Layman*, 31 Ind. 384 ; *Barrackman* v. *Worthington*, 5 Blackf. 213 ; *Codding* v. *Moore*, 5 Blackf. 601 ; *Barnes* v. *Conner*, 39 Ind. 294 ; *Pollock* v. *Dunning*, 54 Ind. 115.  These authorities support the proposition that when an action is brought in a court in this State the Christian as well as the surname of the parties should appear in the record.  In this case it appears that the plaintiffs below persistently omitted their Christian names in every pleading filed by them in the

court below. From the time the summons issued up to the time errors were assigned in this court the Christian names of such plaintiffs do not appear in the record. This is a practice that has not been commended or sanctioned by the courts of this State. Counsel for appellee refers us to the case of *Pedens* v. *King,* 30 Ind. 181. In that case a claim was filed against an estate in the name of " O. P. Stone." A demurrer was sustained to the claim. The claim was then amended and the Christian name of Stone was given. This was held sufficient. Gregory, J., in deciding the case, said : " If it was true that the Christian names of the plaintiffs were omitted in the statement of the claim, it would be only matter in abatement. But, as we understand the record, this objection was obviated by the amendment." Thus it will be seen that the remark made by the learned judge, that the omission of the Christian name of the party was " only matter in abatement," was a mere *dictum,* and has no binding force as a decision.

In the case of *Bridges* v. *Layman, supra,* it was held that in an execution issued on a judgment rendered against " D. Bridges," " the omission of his Christian name was an error, and rendered the proceedings and judgment irregular, but not void."

The case of *Widup* v. *Gibson,* 53 Ind. 484, was commenced before a justice of the peace. After judgment it was appealed to the circuit court, where it was held upon demurrer that " In suits before a justice of the peace, if the full names of the parties appear in the writ and in the title of the cause, they need not appear in the complaint."

*Sherrod* v. *Shirley,* 57 Ind. 13, was another case commenced before a justice of the peace. A motion was made to dismiss the case in the circuit court " for want of a sufficient cause of action," for the reason that the complaint " did not set out the name of the plaintiff below," the Christian name having been omitted. In deciding the case the court said : " This is a fatal objection if not cured ; but it may be cured

by the process, amendment, or by a pleading wherein the names are properly stated. In pleading to the cause of action, by an answer which stated the names of the plaintiffs in full, before Justice Wells, the appellant cured this alleged error."

In *Adams Express Co.* v. *Harris,* 120 Ind. 73, it was held that if the names of the parties were given in full in the title of the cause it would be sufficient. See, also *Lowry* v. *Dutton,* 28 Ind. 473.

In the case before us the Christian names of the plaintiffs did not appear in the title, nor in any of the pleadings in the case. The record does not show that any summons was issued for the defendants. For aught that is shown, the defendants voluntarily appeared and filed their answers to the complaint. The defect was not cured in any manner as in the cases above referred to.

The first subdivision of section 338 of the Revised Statutes, in regard to what the complaint shall contain, is as follows :

"*First.* The title of the cause, specifying the name of the court and county in which the action is brought, and the names of the parties to the action, plaintiff and defendant.

This is the rule in the circuit court, and this is the case that was brought in that court. If, in a complaint filed in said court, the Christian names of the parties are omitted, then it does not contain the names of the parties within the meaning of the statute. Such an omission would be apparent upon the face of the pleading, and, being so, we see no reason why it should not be reached by demurrer. An examination of the cases above cited will show that, in a number of them, the question was so raised. The fact that the Christian names of the plaintiffs were not given in any of the pleadings in the case, and the defect not being cured in any manner, rendered the complaint bad, and the demurrer to it should have been sustained.

The appellants urge another objection to the complaint.

In the complaint it was alleged that the note was endorsed by the payee thereof to the plaintiffs below, but a copy of the endorsement was not set forth therein. This objection is made by the makers of the note against whom judgment was rendered. The assignor was made a party to the suit as " E. J. Marvin," the Christian name not being given. We have already given our opinion upon the question presented by the successful efforts of the appellants to suppress the Christian names of the parties to the action during the progress of the case. The objection made that the complaint is defective for the reason that it does not contain a copy of the endorsement is not well taken. In a suit brought by an endorsee against an endorser upon his endorsement, it is necessary to set forth the endorsement in the complaint, " for it constitutes the contract sued on." *Treadway* v. *Cobb*, 18 Ind. 36. But where the action is brought against the makers of the note, then the note and not the endorsement is the contract constituting the cause of action. In an action by an endorsee against the makers of a negotiable note, the office of the endorsement is to show the manner in which the holder acquires title to the note. *Keller* v. *Williams*, 49 Ind. 504 ; *Holman* v. *Langtree*, 40 Ind. 349 ; *Richardson* v. *Snider*, 72 Ind. 425. Therefore, the general averment in a complaint that the note was endorsed by the payee to the holder, without setting forth the endorsement, is sufficient as against the makers of the note. *Treadway* v. *Cobb, supra.*

We come now to the motion for a new trial. The first reason given for a new trial in the motion filed was, that the verdict was contrary to the evidence. The bill of exceptions in the record, purporting to contain " all the evidence given in the cause," does not show that the note in suit was read to the jury, nor offered in evidence in any manner. A general denial was not filed by the defendants below to the complaint. They did file an answer, reciting that " E. J. Marvin never executed the assignment of said note, that

the assignment nor signature is not that of E. J. Marvin."
There was no allegation in the complaint, nor was there any
evidence given at the trial, of any assignment of the note in
question.    There is a well recognized distinction between
an assignment and an endorsement of a promissory note.
*Reed* v. *Garr*, 59 Ind. 299.    Be this as it may, there was
evidence given at the trial, without objection, that the plain-
tiffs below were the *bona fide* holders and owners of the
note.    This, coupled with the fact that the endorsee was
made a party defendant in the complaint, was sufficient.    It
was not necessary for the plaintiff at the trial, under the
issues, to give the note in evidence, inasmuch as the general
issue was not tendered in the cause by the defendants.    All
the available issues tendered by them were upon answers
affirmative in character which cast upon them the burden of
proof.

Another reason given for a new trial in the motion made
in the court below was that the plaintiffs were permitted to
prove the contents of a written instrument which had been
in their possession without first proving the loss of it.    In
one of the answers it was alleged that sometime after Bas-
com had purchased the stock of goods, he ascertained that
" he had been swindled," and in order " to get out of the
business " he " sold the stock back to W. F. Marvin," a
part of the consideration for such sale being an agreement
upon the part of said Marvin to surrender up to Bascom the
note in suit.    It was further alleged that at the time Bascom
bought the stock said Marvin was the real owner thereof,
and that E. J. Marvin, his wife, was only an ostensible owner,
and that the said note, although made payable to the order
of E. J. Marvin, was, in fact, the property of W. F. Marvin,
and that E. J. Marvin had no interest therein ; that he was
the owner and holder of the note at the time he bought the
goods back from Marvin, that after receiving the goods he
failed and refused to surrender the note.    It appears that at
the time Bascom sold the goods to Marvin a part of the con-

tract at least was reduced to writing, which writing was given into the possession of the said Marvin at the time of its execution.    At the trial Marvin was called as a witness by the plaintiffs, and testified that this contract was received by him, and that he "put it in the show case"; that he had looked for, but did not find it; that he "may have looked it over some way."    No other testimony was given concerning the loss of the instrument.    He was then asked concerning the contents of the writing, and over the objection of the defendants was, by the court, permitted to give a part thereof. It is apparent that the contents of this written instrument were competent evidence upon a material branch of the case. It is well understood that when a written instrument is lost or destroyed its contents may be proven by parol testimony; but before this can be done, if the instrument is destroyed, proof must be made of its destruction.    If it is lost, proof of its loss must not only be made, but it must be proven in addition that a diligent, unsuccessful search has been made for it in all places where it is likely to be.    In this case the loss of the instrument was not sufficiently shown.    Neither did it appear that a proper search had been made for it.    Under the circumstances the court erred in permitting parol evidence to be given of its contents, and for this reason the motion for a new trial should have been granted.

For the reasons stated in the opinion the judgment of the court below is reversed at the costs of the appellees.

Filed Sept. 29, 1892.